[No. 10514-8-III. Division Three. March 14, 1991.]

THE DEPARTMENT OF NATURAL RESOURCES, *Respondent*, v. LITTLEJOHN LOGGING, INC., *Petitioner*.

---

*John Powers* and *Lee, Smart, Cook, Martin & Patterson, P.S., Inc.*, for petitioner.

*Kenneth O. Eikenberry, Attorney General*, and *John G. Hennen, Senior Assistant*, and *Paul A. Silver, Assistant*, for respondent.

THOMPSON, J.—The Department of Natural Resources (DNR) brought this action against Littlejohn Logging, Inc., to collect the expenses it incurred fighting the Tucker Creek fire in 1987. The fire allegedly was caused by Littlejohn's negligence while acting as a logging contractor on private land. DNR instituted the action pursuant to RCW 76.04.495(1), which reads:

> Any person, firm, or corporation: (a) Whose negligence is responsible for the starting or existence of a fire which spreads

on forest land; . . . shall be liable for any expenses made necessary by (a) . . . of this subsection incurred by the state . . . in fighting the fire, . . . if the expense was authorized or subsequently approved by the department.

In an interlocutory ruling, the Superior Court held a jury trial was not a matter of right and struck the jury demand. We granted Littlejohn's motion for discretionary review of this ruling.

For reasons of judicial economy, we also granted DNR's cross motion for discretionary review of the court's denial of its motion for summary judgment on the issue of damages. DNR had contended that if Littlejohn were found negligent, it would be liable under the statute for all of DNR's fire suppression costs and could not question the reasonableness of those expenditures.[1]

We reverse the denial of a jury trial, but affirm the denial of summary judgment.

## RIGHT TO JURY TRIAL

The Washington Supreme Court has summarized the law bearing on the right to a jury trial:

The Washington State Constitution, article 1, section 21 provides that the right to a jury trial shall remain inviolate. We have consistently interpreted this constitutional provision as guaranteeing those rights to trial by jury which existed at the time of the adoption of the constitution. Accordingly, there is a right to a jury trial where the civil action is purely legal in nature. Conversely, where the action is purely equitable in nature, there is no right to a trial by jury.

(Citations omitted.) *Brown v. Safeway Stores, Inc.,* 94 Wn.2d 359, 365, 617 P.2d 704 (1980). In determining the overall nature of an action, the trial court is accorded wide discretion, giving great weight to the constitutional right to trial by jury. *See Brown,* at 368 (quoting *Scavenius v. Manchester Port Dist.,* 2 Wn. App. 126, 129–30, 467 P.2d 372 (1970)).

---

[1]DNR's total expenditures were $367,614.11. In response to DNR's motion for summary judgment, Littlejohn submitted the affidavit of Loren Tucker, a retired supervisor of Fire Control for DNR. He was of the opinion only $173,670.54 of the claimed expenditures were necessary.

■■ Although DNR correctly points out the statutory right of recovery for fire suppression costs did not exist at the time of the adoption of the constitution, the right clearly is founded on a theory of negligent damage to the property of another. Negligence is a type of action defined by the common law and heard by a jury at the time of the adoption of the constitution.[2] As noted in *Sofie v. Fibreboard Corp.,* 112 Wn.2d 636, 648–49, 771 P.2d 711, 780 P.2d 260 (1989),

> [i]f the right to a jury trial applies only to those *theories of recovery* accepted in 1889—rather than the *types* of actions that, at common law, were heard by a jury at that time—then the constitutional right to a jury will diminish over time. As a method of construing a lasting constitutional right, this makes little sense.

(Some italics ours.)

DNR also argues an action under RCW 76.04.495 is primarily equitable in nature because it provides for a lien. Specifically, the statute provides at subsection (2):

> (2) The department or agency incurring such expense shall have a lien for the same against any property of the person, firm, or corporation liable under subsection (1) of this section by filing a claim of lien . . . specifying the amount expended . . .. The lien may be foreclosed in the same manner as a mechanic's lien is foreclosed under the statutes of the state of Washington.

However, we note the lien provision constitutes a separate remedy under the statute. The proceeding here does not involve a lien; rather, DNR seeks damages, a legal remedy.

Consequently, we hold the trial court erred when it struck the jury demand. DNR's action was legal in nature. Thus, the parties had a right to a jury trial.

---

[2]Cases such as *State v. State Credit Ass'n,* 33 Wn. App. 617, 657 P.2d 327 (1983), *remanded,* 102 Wn.2d 1022 (1984) are distinguishable. There, the court held that an action by the State alleging violations of the Collection Agency Act and the Consumer Protection Act was without a common law analogue. The court reasoned that the concept of "unfair or deceptive acts or practices" had no parallel in the law of 1889. *State Credit Ass'n,* at 621.

AMOUNT OF DAMAGES

Although RCW 76.04.495 and its predecessors have been in existence since 1923, we have not located any case which addresses whether a negligent party may question the reasonableness of the expenses incurred by the State in suppressing a forest fire.

The original statute was enacted by Laws of 1923, ch. 184, § 11. It read:

> Any person . . . negligently responsible for the starting or existence of a fire which spreads on forest land *shall be liable for any expense* incurred by the state . . . in fighting such fire provided that such expense was . . . authorized by the state supervisor of forestry . . ..

(Italics ours.) The italicized language was changed in 1971 when the Legislature subsumed several fire suppression cost recovery statutes under former RCW 76.04.390. One of the statutes so consolidated was RCW 76.04.370, the slash act, which stated:

> Any land in the state covered wholly or in part by inflammable debris created by logging or other forest operations, land clearing, or right-of-way clearing and which by reason of such condition is likely to further the spread of fire and thereby endanger life or property, shall constitute a fire hazard . . .. If the state shall incur *any expense from fire fighting made necessary by reason of such hazard,* it may recover the cost thereof from the person responsible for the existence of such hazard or the owner of the land upon which such hazard existed . . ..

(Italics ours.) Laws of 1951, ch. 235, § 1. The 1971 recodification combined the language of these two statutes, providing:

> Any person, firm, or corporation negligently responsible for the starting or existence of a fire which spreads on forest land, including permitting the existence of an extreme fire hazard under RCW 76.04.370 . . . shall be liable for *any expense made necessary by such negligence, incurred by the state* . . . in fighting such fire provided that such expense was authorized or subsequently approved by the department.

(Italics ours.) *See* former RCW 76.04.390, enacted by Laws of 1971, 1st Ex. Sess., ch. 207, § 6, repealed by Laws of 1986, ch. 100, § 59.

DNR cites several cases decided under the slash act. In those cases, the courts held the State was not required to prove the defendant acted negligently in order to recover its expenditures under former RCW 76.04.370. The court reasoned the statute imposed an absolute duty upon those responsible for creating a fire slash hazard to eliminate such hazard. *State v. Loertcher,* 64 Wn.2d 340, 345, 391 P.2d 520 (1964); *State v. Anacortes Veneer, Inc.,* 57 Wn.2d 886, 888–89, 360 P.2d 341, 90 A.L.R.2d 863 (1961); *State v. Canyon Lumber Corp.,* 46 Wn.2d 701, 709, 284 P.2d 316 (1955). The cited cases do not hold as DNR appears to assert, that the defendant is liable for any and all expenditures incurred by the State for the fire fighting made necessary by reason of a fire slash hazard, regardless of reasonableness.

Since case interpretation provides no guidance on this issue, we look to the statute itself. DNR relies upon the language of the original enactment, under which the negligent person was liable for "*any* expense incurred by the state" (italics ours), without a qualification of reasonableness. It cites legislative history and rules of statutory construction to support its position that the Legislature intended to continue to allow such recovery even after it changed the language to "any expense made necessary by".

■■ Both the United States Constitution and the Washington State Constitution assure that no person shall be deprived of property without due process of law. *See* the fifth amendment to the United States Constitution and Const. art. 1, § 3. "The purpose of the constitutional guaranty of due process of law is to protect the individual from the arbitrary exercise of the powers of government." *State v. Carter's Motor Freight Sys., Inc.,* 27 Wn.2d 661, 667, 179 P.2d 496 (1947). According to Professor Lawrence Tribe, the procedural due process "right to be heard" requires that governmental officials provide an "explanation". Without an explanation, *i.e.,* the reasons for the action, governmental conduct cannot be adequately reviewed, and the risk of officials acting unfairly increases. L. Tribe, *American Constitutional Law* § 10–15, at 743–44 (2d ed. 1988).

■ If RCW 76.04.495(1) is interpreted as barring Littlejohn from questioning DNR's expenditures, then Littlejohn is subjected to the risk of having its property, in the form of a money judgment, taken without due process. It could then be required to pay for more than the loss it occasioned by its negligence. "[W]here a statute is susceptible of several interpretations, some of which may render it unconstitutional, the court, without doing violence to the legislative purpose, will adopt a construction which will sustain its constitutionality if at all possible to do." *State ex rel. Morgan v. Kinnear,* 80 Wn.2d 400, 402, 494 P.2d 1362 (1972).

■ We therefore hold the trial court properly rejected DNR's argument that Littlejohn, if found negligent, is liable for *all* of DNR's expenses in fighting the fire. We interpret the provision of RCW 76.04.495(1) for recovery of expenses made necessary by a person's negligence as imposing liability for reasonable expenses only. Reasonableness shall be judged as of the time of the fire, not with hindsight as of the time of trial.[3]

The Superior Court's ruling striking the demand for a jury is reversed; the court's denial of DNR's motion for summary judgment on the damage issue is affirmed.

GREEN, C.J., and MUNSON, J., concur.

---

[3]We note the parties' arguments on the issue of whether Littlejohn can assert contributory negligence by DNR to reduce its own monetary exposure for fire suppression costs. The question of whether contributory negligence is available to Littlejohn as a defense is outside the issue which this court agreed to review. Littlejohn's allegations relating to the reasonableness of DNR's expenditures have to do with the duty to mitigate damages; they are not allegations that DNR negligently contributed to the cause or spread of the fire.