[No. 30729-1-I.   Division One.   June 14, 1993.]

WILLIAM P. BRUST, *Respondent,* v. HENRY T. NEWTON,
ET AL, *Appellants.*

*John T. Dalton* and *Merrick, Hofstedt & Lindsey,* for appellants.

*Robert B. Gould* and *Law Offices of Robert B. Gould,* for respondent.

AGID, J. — Henry T. Newton appeals from the judgment entered against him in a legal malpractice action brought by William P. Brust alleging that Newton was negligent in preparing a prenuptial agreement. Newton argues that the trial court erred in withholding the question of damages from the jury. Brust cross-appeals from the trial court's denial of his motion for prejudgment interest and attorney fees. We conclude that, in a legal malpractice action, the issue of what a reasonable judge would have awarded in the underlying dissolution is for the jury, not the court. We therefore reverse and remand for reinstatement of the jury's verdict.

Prior to his marriage to Patricia Peterson in 1975, Brust retained Newton to draw up a prenuptial agreement. That agreement was signed on May 15, 1975, and the marriage took place a month later. When Ms. Brust commenced dissolution proceedings 14 years later, Brust was advised by two

attorneys that it was their opinion that the prenuptial agreement would probably not be enforceable.[1] Brust asserts that it was because of this advice that he abandoned his initial contention that the prenuptial agreement was valid and agreed to settle the dissolution proceeding in December 1990. Under the settlement agreement, Brust agreed to:

(a) Sign a promissory note in the amount of $600,000, earning interest at 10% per annum, secured by three parcels of commercial real estate;

(b) Pay a lump sum payment entitled "Property Settlement" [in the amount] of $50,000;

(c) Pay a lump sum payment entitled "Maintenance" [in the amount] of $11,000;

(d) Purchase a life insurance policy insuring the life of Mrs. Brust in the amount of $339,000.

Brust's net worth at the time the settlement agreement was entered into was $5,500,000; Ms. Brust's was approximately $100,000.

Brust then filed a legal malpractice claim alleging that Newton was negligent in drafting the prenuptial agreement and that Brust was entitled to money damages as a result. Newton denied that he was negligent in drafting the agreement and filed a jury demand. Brust's motion to strike Newton's jury demand was denied by the trial court, and his motion for discretionary review of that decision was denied by this court. The matter was then set for trial.

Prior to trial, Brust made a motion in limine to exclude evidence related to the issues of proximate cause and damages. The trial court initially reserved ruling but, at the conclusion of the presentation of evidence, determined that the jury should decide the negligence issue and the trial court should decide the issues of proximate cause and damages. The trial court also submitted the issues of proximate

---

[1] At the time the prenuptial agreement was entered into there was no full, frank disclosure of amount, character and value of the parties' respective assets, those assets were grossly disproportionate, Ms. Brust did not have independent advice of counsel, and the prenuptial agreement did not make fair and reasonable provision for her. *See In re Marriage of Matson*, 107 Wn.2d 479, 484, 730 P.2d 668 (1986); *Friedlander v. Friedlander*, 80 Wn.2d 293, 302, 494 P.2d 208 (1972).

cause and damages to the jury, however, so that if its conclusion that the court should decide proximate cause and damages was reversed on appeal, it would not be necessary to retry the case to determine what the jury's verdict would have been. The jury found that Newton was negligent in drafting the prenuptial agreement. It also found that Newton's negligence was the proximate cause of damages to Brust in the amount of $46,364.47.

After the jury returned its verdict, the trial court concluded that Newton's negligence was a proximate cause of damages to Brust and that the measure of damages was the difference between the amount a reasonable judge would have awarded had there been a valid prenuptial agreement and the amount Brust agreed to pay under the settlement agreement. Under that formula, the amount of gross damages was the present value of the various sums to be paid under the terms of the settlement agreement, or $582,364. From that amount the trial court subtracted $143,200, the present value of the maintenance the court concluded Ms. Brust would have been awarded if the matter had gone to trial.[2]

Following the trial court's oral ruling on damages, Newton filed a motion for reconsideration arguing that judgment should be entered on the jury's damages award. Brust moved for the award of prejudgment interest on any liquidated sums included in the trial court's damages award and for attorney fees incurred in proving facts denied by Newton in response to Brust's request for admissions. The trial court denied each of these motions and entered judgment in the amount of $439,084 plus costs and prospective interest.

## I

Article 1, section 21 of our constitution provides that the right to a jury trial shall remain inviolate. This section

---

[2]Because of counsel's concerns that the trial judge might be influenced by the jury's verdict on the issues of proximate cause and damages, the trial judge purposely did not take the verdict so he would not know what the jury had decided.

has consistently been interpreted to guarantee those rights to trial by jury which existed at the time of the adoption of the constitution. *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 645, 771 P.2d 711, 780 P.2d 260 (1989); *Brown v. Safeway Stores,. Inc.*, 94 Wn.2d 359, 365, 617 P.2d 704 (1980). Negligence is a type of action defined by the common law and heard by a jury when the constitution was adopted. *Department of Natural Resources v. Littlejohn Logging, Inc.*, 60 Wn. App. 671, 674, 806 P.2d 779 (1991). While questions of negligence and proximate causation are usually questions for the jury, the unique characteristics of a legal malpractice action may, under some circumstances, make that general rule inapplicable. *Daugert v. Pappas*, 104 Wn.2d 254, 257-58, 704 P.2d 600 (1985); *Halvorsen v. Ferguson*, 46 Wn. App. 708, 712-13, 735 P.2d 675 (1986), *review denied*, 108 Wn.2d 1008 (1987).

■ Brust argues that the questions of proximate cause and damages in a legal malpractice action alleging negligence in the drafting of a prenuptial agreement can only be determined by a judge because the Legislature has provided that dissolution actions can be tried only to a judge. RCW 26.09.010. However, the majority of courts and legal scholars considering the question of whether a particular issue should be for the judge or the jury in a legal malpractice action have declined to analyze it in terms of whether that issue would have been one for the judge or the jury in the original proceeding.[3] *Helmbrecht v. St. Paul Ins. Co.*, 122 Wis. 2d 94, 126-27, 362 N.W.2d 118, 135 (1985); *Chocktoot v. Smith*, 280 Or. 567, 574-75, 571 P.2d 1255, 1259 (1977). Rather, the line between questions for the judge and those for the jury in legal malpractice actions has generally been drawn between

---

[3] We recognize that there is some support for the proposition that parties be subject to the same restriction as would have been applied to the underlying action. For example, this is true in bankruptcy court or other forums where it is deemed necessary that the trier of fact have special expertise in a particular area of the law. However, state constitutional considerations may nevertheless safeguard the right to a jury trial in civil proceedings, including legal malpractice actions. 2 R. Mallen & J. Smith, *Legal Malpractice* § 27.23, at 692-93 (3d ed. 1989).

questions of law and questions of fact. *Chocktoot*, at 574-75; *Helmbrecht*, 122 Wis. 2d at 135; *Phillips v. Clancy*, 152 Ariz. 415, 421, 733 P.2d 300, 306 (1986).

The critical distinction is that a suit alleging negligence by an attorney in drafting a prenuptial agreement is not a dissolution action. It is an action in tort. *Helmbrecht*, at 125. Thus, the fact that there would be no right to a jury in a divorce action or other equitable proceeding, *Erickson v. Erickson*, 30 Wn.2d 914, 918, 194 P.2d 954 (1948), does not factor into the analysis. *Cf. Kelly v. Foster*, 62 Wn. App. 150, 154, 813 P.2d 598 (an action seeking damages based on an attorney's malpractice is an action at law even if the basis of liability is a claimed breach of fiduciary duty), *review denied*, 118 Wn.2d 1001 (1991); *Wright v. Williams*, 47 Cal. App. 3d 802, 807, 121 Cal. Rptr. 194, 197 (1975) (attorney malpractice cases are treated in the same manner as other negligence actions). To rule otherwise would be to withdraw from the jury in a malpractice suit the resolution of purely factual disputes in all cases arising out of an attorney's actions in connection with equity, probate, or administrative proceedings. *Chocktoot*, at 574-75.

The trial court based its decision to take the issues of proximate cause and damages from the jury on *Daugert v. Pappas*, 104 Wn.2d 254, 704 P.2d 600 (1985). However, *Daugert* is an exception to the rule that issues of fact be determined by a jury. It is also readily distinguishable from this case. *Daugert* was tried to a jury, and the only issue on appeal was whether the trial court should have withheld the question of *proximate cause*, not damages, from the jury and decided it as a question of law. *Daugert*, 104 Wn.2d at 259. Second, the *Daugert* court limited its ruling to the narrow question of whether a judge or jury should have determined whether the attorney's negligence in failing to timely file an appeal was a proximate cause of damages to his client. Because the questions of whether an appellate court would have granted review and, if so, whether its ruling would have been favorable to the appellant necessarily involved analysis of the relevant law and the Rules of Appellate Procedure, the proximate cause issue in that case

required special expertise and was therefore a question of law for the court. *Daugert*, 104 Wn.2d at 258-59.

■ In the instant case, neither the damages determination nor the proximate cause issue raises a comparable need to engage in an analysis of the law.[4] Proximate cause consists of two elements: cause in fact and legal causation. *Hartley v. State*, 103 Wn.2d 768, 777, 698 P.2d 77 (1985). Cause in fact refers to the immediate connection between an act and an injury; legal causation involves the question of whether liability should attach as a matter of law, even if the proof establishes cause in fact. *Horn v. Moberg*, 68 Wn. App. 551, 557, 844 P.2d 452 (1993) (citing *King v. Seattle*, 84 Wn.2d 239, 250, 525 P.2d 228 (1974)). The Washington Supreme Court has held that in most instances the question of cause in fact is for the jury:

> The principles of proof and causation in a legal malpractice action usually do not differ from an ordinary negligence case. . . . The trial court hearing the malpractice claim merely retries, or tries for the first time, the client's cause of action which the client asserts was lost or compromised by the attorney's negligence, and the trier of fact decides whether the client would have fared better but for such mishandling. In such a case it is appropriate to allow the trier of fact to decide proximate cause. In effect the second trier of fact will be asked to decide what a reasonable jury or fact finder would have done but for the attorney's negligence. Thus, it is obvious that in most legal malpractice actions the jury should decide the issue of cause in fact.

(Citations omitted.) *Daugert*, 104 Wn.2d at 257-58. In the instant case, the jury was asked to determine whether the attorney's negligence was "a cause which, in a direct sequence unbroken by any new independent cause, produces the dam-

---

[4]The only legal question in the instant case arises in the context of determining the validity of the prenuptial agreement. That determination, from which Newton does not appeal, was submitted to the jury with appropriate instructions. *See Chocktoot*, at 575 (if the alleged negligence of an attorney in an earlier case involved both factual and legal elements, the trial court should separate those elements and instruct the jury accordingly); *Halvorsen*, 46 Wn. App. at 713 (the determination as to whether an attorney erred often requires legal analysis and may thus involve a question of law; the question of whether such error was caused by the attorney's negligence is one of fact (citing R. Mallen & V. Levit, *Legal Malpractice* § 659, at 820-21 (2d ed. 1981))).

age complained of and without which such damage would not have happened", *i.e.*, a cause in fact. This issue was therefore a question which was properly one for the jury to decide.[5]

■ The question of damages was similarly factual in nature. Damage determinations are a classic example of the type of questions which are traditionally decided by a jury. *Sofie*, 112 Wn.2d at 645-46 (the power to weigh evidence and determine facts is consigned to the jury under the constitution, and the amount of damages in a particular case is an ultimate fact); 2 R. Mallen & J. Smith, *Legal Malpractice* § 27.10, at 659 (3d ed. 1989) (courts agree that the determination of the extent of the injury is for the trier of fact, and there appear to be no reported decisions treating the extent of damage as an issue of law).

Brust argues that, because a judge would have determined the amount of maintenance to be awarded in the underlying dissolution action, the trial court alone was qualified to decide what a reasonable judge would have awarded. However, the purpose of the "trial within a trial" that occurs in a legal malpractice action is not to recreate what a particular judge or factfinder would have done. Rather, the jury's task is to determine what a reasonable judge or factfinder would have done, *i.e.*, what the result should have been. *Daugert*, 104 Wn.2d at 258 (the second trier of fact is asked to decide what a reasonable factfinder would have done); *Chocktoot*, at 572; *Helmbrecht*, at 104; *Phillips*, at 418; *Cornett v. Johnson*, 571 N.E.2d 572, 575 (Ind. Ct. App. 1991). *But see McLeod v. Fechtel*, 821 F.2d 1388, 1389 (9th Cir. 1987) (stating without analysis that the question of what a reasonable judge would have decided is one of law). So long as this issue is a question of fact, there is no reason why a jury cannot replicate the judgment of another factfinder, whatever its composition. *Chocktoot*, at 574-75; *Phillips*, at 418.

Although no Washington court has previously addressed the issue in precisely this context, it follows that if it is for

---

[5]Because both the trial court and the jury reached the same conclusion with respect to proximate cause, Newton does not directly challenge this aspect of the trial court's ruling.

the trier of fact to decide "whether the client would have fared better but for [the attorney's] mishandling" of his case, *Daugert*, 104 Wn.2d at 257, it is also for the trier of fact to decide the extent to which that is true. *Cf. Helmbrecht*, at 120 (jury properly weighed evidence concerning damages related to maintenance award). The fact that it would normally be a judge who would determine the amount of maintenance to be awarded does not change this since, in making that determination, a judge is actually deciding questions of fact, not law. *Helmbrecht*, at 127-28 (a maintenance award to one spouse is based upon a factual finding of that spouse's need and the other spouse's ability to pay). In the face of Newton's demand for a jury trial on the issue of damages,[6] the question was properly one for the jury to decide.[7]

## II

Brust cross-appeals from the trial court's denial of his motion for attorney fees and costs for proving facts which Newton denied in his response to Brust's request for admissions. If a party fails to admit the truth of any matter as requested in a request for admissions pursuant to CR 36, CR 37(c) allows a court to award the reasonable expenses, including attorney fees, incurred in making that proof, unless the court finds:

(1) the request was held objectionable pursuant to rule 36(a), or (2) the admission sought was of no substantial importance,

---

[6] The jury here was properly instructed as to the factors a court applies to its findings of fact under RCW 26.09.090 in making a determination as to maintenance. *See Helmbrecht*, at 128 (a jury should be instructed on the factors a court considers in making a determination as to maintenance); 2 R. Mallen & J. Smith § 27.10, at 653 (the trial judge must determine which issues are of fact and which of law and submit the factual issues to the jury under proper instructions).

[7] Because we conclude that the question of damages was for the jury to decide, we do not reach either Newton's challenge to the calculation of compensatory damages or that portion of Brust's cross appeal contending that the court erred in denying his motion for prejudgment interest on what he contends are liquidated sums. Both are raised solely in the context of the trial court's damages calculation.

or (3) the party failing to admit had reasonable ground to believe the fact was not true or the document was not genuine, or (4) there was other good reason for the failure to admit.

CR 37(c). The requests for admission for which Brust seeks compensation, and Newton's answers, are as follows:

*Request for Admission No. 2*: Please admit that plaintiff William P. Brust, by his objective manifestations to Henry T. Newton, relied upon the prenuptial agreement from the date it was signed, May 15, 1975, through calendar year 1988.
*Response*: Deny due to lack of knowledge.
*Request for Admission No. 3*: Please admit that plaintiff William P. Brust had a right to rely upon the legal validity of the prenuptial agreement prepared for him by defendant Henry T. Newton.
*Response*: Objection. Request calls for a legal conclusion and is, therefore, denied.

■ We conclude that the trial court properly denied Brust's motion for attorney fees and costs incurred in proving these facts. The purpose of the rule is to eliminate from controversy factual matters which will not be disputed. However, a party is not required to concede legal conclusions. *Puget Sound Nat'l Bank v. St. Paul Fire & Marine Ins. Co.*, 32 Wn. App. 32, 49, 645 P.2d 1122, *review denied*, 97 Wn.2d 1036 (1982). Newton properly objected to both of the disputed requests for admission. Because request No. 2 seeks information concerning Brust's subjective state of mind, Newton could not provide the requested information.[8] Request No. 3 does, as Newton's counsel responded, call for a legal conclusion. Brust's legal right to rely on an agreement is central to the question of whether Newton's alleged negligence is a proximate cause of damage to Brust. The trial court thus properly concluded that there was "[an]other good reason for the failure to admit" both requests. CR 37(c)(4). The trial court's ruling on this issue is affirmed.

---

[8]Had Brust phrased the question solely in terms of Newton's observations of Brust's actions, Newton would have been required to answer this request. By requiring Newton to state a conclusion as to whether Brust "relied" on the agreement, however, Brust injected a subjective component concerning the reason for those actions of which Newton could have no direct personal knowledge.

The judgment is reversed and remanded to the trial court with directions to reinstate the jury's verdict and enter judgment thereon.

WEBSTER, C.J., and GROSSE, J., concur.

Reconsideration denied July 14, 1993.

Review denied at 123 Wn.2d 1010 (1994).