[No. 21342-1-III.   Division Three.   June 5, 2003.]

MELVIN LAKES, *Individually and as Parent and Guardian, Appellant,* v. PAUL VON DER MEHDEN, ET AL., *Repondents.*

*Allen D. Brecke* and *Joey Cano* (of *Allen Brecke Law Offices*), for appellant.

*Robert C. Tenney* and *Alfred G. Schweppe* (of *Meyer, Fluegge & Tenney*), for respondents.

SCHULTHEIS, J. — The prevailing party in a lawsuit is generally entitled to prejudgment interest on liquidated damages. *Kiewit-Grice v. State*, 77 Wn. App. 867, 872, 895 P.2d 6 (1995). Melvin Lakes sued Paul von der Mehden for injuries sustained in an automobile collision. Pretrial, Mr. von der Mehden's insurer, Safeco Insurance Company, agreed in its response to requests for admissions that certain medical expenses were reasonably necessary. The jury was instructed that those medical expenses were to be awarded to Mr. Lakes, along with any additional damages supported by the evidence.

Following entry of judgment for Mr. Lakes, he requested prejudgment interest on the amounts Safeco admitted owing. The trial court denied the request. Mr. Lakes's motion for reconsideration was also denied and he now appeals, contending he is entitled to prejudgment interest because the admitted medical expenses were liquidated. Because we find that the medical expenses were not liquidated until the jury was ordered to award them, we affirm.

## FACTS

In May 1996, Melvin Lakes and his three minor children were injured in an automobile collision. Where traffic on a Benton County highway merged into one lane due to highway construction, Mr. von der Mehden failed to stop in time and rear-ended a car that in turn rear-ended Mr. Lakes's van. Mr. von der Mehden admitted liability.

In April 1997, Safeco, Mr. von der Mehden's insurer, offered Mr. Lakes the following amounts in full settlement (representing 50 percent of the subrogated amounts provided by Mr. Lakes's insurer): $2,395 for Mr. Lakes's injuries; $485.50 for his daughter Shaniae; $243 for his son Shakeem; and $27.50 for his daughter Shanice—a total of $3,151.[1] Mr. Lakes responded by offering to settle for $60,000 for his injuries and $20,000 for each of his three children. The offer to settle was accompanied by documentation for the medical expenses to treat his cervical, thoracic, and lumbar joint injuries and constant severe headaches, and for his children's lower back injuries. Safeco refused to settle for those amounts. By February 1998, Mr. Lakes had reduced his settlement demand to $35,000 for his injuries and $5,000 each for his children. Safeco responded by increasing its offer to a total of $3,400 for all injuries to the Lakeses.

On March 17, 1998, Mr. Lakes filed suit against Mr. von der Mehden seeking damages for personal injuries and prejudgment interest on all special damages, including the expenses for medical care and treatment. The parties entered into mandatory arbitration in November 1998, and the arbitrator awarded Mr. Lakes $19,621 for his injuries; $3,067 for Shaniae's; $1,844 for Shakeem's; and $511 for Shanice's—a total of $25,043. One month later, Safeco requested a trial de novo and demanded a jury trial.

On two occasions during pretrial discovery, Mr. Lakes sent requests for admissions to Safeco regarding medical

---

[1] Because the real issue here is the dispute of medical expenses and not liability, from this point on we will usually refer to Safeco as the defendant.

expenses for Mr. Lakes and his three children. Safeco admitted that most of those medical expenses were reasonably necessary for the diagnosis and treatment of the Lakeses' injuries. The total of these admitted expenses was $7,191—more than double the settlement earlier offered by Safeco. Then, in February 2001, Safeco wrote Mr. Lakes's counsel and asked if his clients would be interested in exploring a reasonable settlement. No other mention of settlement negotiations is contained in the record.

After numerous continuances (mostly due to court administrator changes in the dates), trial was held in November 2001. Because Mr. von der Mehden admitted liability, the only issue at trial was the measure of damages. The jury was instructed that the defendant admitted that the following medical expenses were reasonably necessary for the diagnosis and treatment of the Lakeses: $5,115 for Mr. Lakes; $1,469 for Shaniae; $668 for Shakeem; and $55 for Shanice. These figures were included in the special verdict form as past economic damages, along with blanks for adding past noneconomic damages, future economic damages, future noneconomic damages, and any additional past economic damages. The jury added $2,767 to Mr. Lakes's past economic damages and $4,700 as total additional past noneconomic damages for the Lakeses. The final judgment for Mr. Lakes and his children was $15,928, including costs and statutory attorney fees.

Citing *Hansen v. Rothaus*, 107 Wn.2d 468, 730 P.2d 662 (1986) (agreement to the reasonableness of a settlement does not render the settlement amount liquidated), the trial court denied Mr. Lakes's request for $3,748 in prejudgment interest on the admitted medical expenses. Mr. Lakes moved for reconsideration of the judgment in March 2002. At the hearing on the motion, he argued that Safeco had never stipulated to the amounts contained in the directed verdicts. He further argued that because the jury had no discretion in awarding the admitted medical expenses, those expenses were liquidated and subject to prejudgment interest. The trial court held that although the equities

were with Mr. Lakes, the policy supporting the fostering of settlements outweighed the policy supporting compensation for the use of a party's money. The motion for reconsideration was denied. This appeal followed.

EFFECT OF ADMISSIONS ON PREJUDGMENT INTEREST

■■ Prejudgment interest is awarded to compensate a party who has lost the use of money to which he or she was entitled. *Hansen*, 107 Wn.2d at 473; *Seattle-First Nat'l Bank v. Wash. Ins. Guar. Ass'n*, 94 Wn. App. 744, 759, 972 P.2d 1282 (1999). Such interest is awardable (1) when the amount claimed is liquidated, or (2) when the amount claimed is unliquidated but is determinable by computation with reference to a fixed standard in a contract. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968); *Kiewit-Grice*, 77 Wn. App. at 872. A claim is liquidated if data in the evidence makes it possible to compute the amount with exactness, without reliance on opinion or discretion. *Lester N. Johnson Co. v. City of Spokane*, 22 Wn. App. 265, 277, 588 P.2d 1214 (1978). Generally prejudgment interest is favored because the law assumes that one who retains money owed to another should be charged interest on it. *Kiewit-Grice*, 77 Wn. App. at 873. On the other hand, the law recognizes that a defendant should not have to pay prejudgment interest when he or she is unable to ascertain the amount owed. *Hansen*, 107 Wn.2d at 473.

■■ The sole question before this court is whether Safeco's admission that certain medical expenses were reasonably necessary rendered those expenses liquidated for the purposes of prejudgment interest. By their nature, medical expenses are not liquidated until the judge or jury determines that the expenses were reasonably and necessarily incurred. *Hansen*, 107 Wn.2d at 477; *Fox v. Mahoney*, 106 Wn. App. 226, 230, 22 P.3d 839 (2001). "It is not enough that the medical bills be paid, the amounts must be reasonable." *Hansen*, 107 Wn.2d at 477. Mr. Lakes contends the medical expenses admitted by Safeco pretrial were estab-

lished as both reasonable and necessary. Because neither the jury nor the trial court exercised discretion in awarding these expenses, Mr. Lakes argues they were liquidated and subject to prejudgment interest.

This argument fails to take into consideration the fact that the only reason the medical expenses were established at trial and included in the directed verdict was because Safeco admitted—pursuant to CR 36—that the expenses were reasonably necessary for the diagnosis and treatment of the Lakeses' injuries. CR 36 requests for admissions "eliminate from controversy matters which will not be disputed."[2] *Coleman v. Altman*, 7 Wn. App. 80, 86, 497 P.2d 1338 (1972). Such admissions

> "promote both efficiency and economy in resolving disputes. If a point is conceded, litigants need not expend effort in investigations concerning it nor incur expense in presenting evidence to prove it. Judicial administration is also aided. Admissions reduce the time required to try a case. Indeed, they often make summary judgment possible. Finally, admissions encourage litigants to evaluate realistically the hazards of trial, and thus tend to promote settlements."

8A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCE-DURE § 2252, at 522 (2d ed. 1994) (quoting Ted Finman, *The Request for Admission in Federal Civil Procedure*, 71 YALE L.J. 371, 376 (1962)).

█ █ Unliquidated claims are not rendered liquidated by the fact that the defendant stipulates to the damages or agrees to the reasonableness of a settlement. *Hansen*, 107 Wn.2d at 477-78 (citing *Pearson Constr. Corp. v. Intertherm, Inc.*, 18 Wn. App. 17, 20, 566 P.2d 575 (1977)); *Dautel v. Heritage Home Ctr., Inc.*, 89 Wn. App. 148, 154, 948 P.2d 397 (1997). To hold otherwise would penalize stipulating parties by exposing them to the risk of prejudgment interest,

---

[2] The rule provides in part that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." CR 36(a).

contrary to the express public policy of this state that strongly encourages stipulations and settlements. *City of Seattle v. Blume*, 134 Wn.2d 243, 258, 947 P.2d 223 (1997); *Hansen*, 107 Wn.2d at 477-78. The policy that favors settlements also supports CR 36 admissions, which narrow the issues and avoid unnecessary delay and expenses, benefiting the court and all parties to the proceedings. 8A WRIGHT, *supra*, at 521 n.2 (quoting *In re Stein*, 43 F. Supp. 845, 848 (D.C. Ill. 1942)). The party who responds to a request for admissions by admitting that certain medical expenses are reasonably necessary—and therefore need not be supported by expert testimony at trial—should not be penalized by prejudgment interest on those expenses.

Mr. Lakes argues that CR 36 admissions should not be treated like settlements or stipulations because a party faces sanctions if he or she does not admit the truth of a matter. CR 37(c); *Brust v. Newton*, 70 Wn. App. 286, 294-95, 852 P.2d 1092 (1993). Pursuant to CR 37(c), if a party fails to admit the truth of any factual matter that is later proved true, the other party may request an order requiring the nonadmitting party to pay the reasonable expenses incurred in making that proof, including attorney fees. *Brust*, 70 Wn. App. at 294. Concession of factual matters—such as medical expenses—does not, however, convert unliquidated claims to liquidated claims. *Hansen*, 107 Wn.2d at 477-78. The purpose of CR 36 admissions is to eliminate from controversy undisputed factual matters, not legal conclusions. *Brust*, 70 Wn. App. at 295. The fact remains that Safeco might not have admitted that the Lakeses' medical expenses were both reasonable and necessary if it faced the risk of prejudgment interest on those expenses. In the interest of encouraging judicial economy, we hold that admissions made pursuant to CR 36 will not expose a party to prejudgment interest on a claim that is otherwise unliquidated.

■ We review the trial court's denial of the motion for reconsideration of the damages award for abuse of discretion. *Lund v. Benham*, 109 Wn. App. 263, 266, 34 P.3d 902

(2001). Because the Lakeses' medical expenses were not liquidated until the jury was instructed to award them, and because Safeco's admission of most of those expenses did not render them liquidated, the trial court did not abuse its discretion in denying Mr. Lakes's motion for reconsideration of the damages award.

### ATTORNEY FEES

Safeco requests attorney fees and costs as the prevailing party on appeal. RAP 18.1(b) requires a party to devote a separate section of the appellate brief to the fee issue. "This requirement is mandatory." *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998) (citing *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996)). Although Safeco devoted a separate section of its brief to attorney fees and costs, it merely cited RAP 14.2, RAP 18.1, and "other applicable statutory provisions." Br. of Resp't at 9. RAP 14.2 authorizes an award of costs—defined by RAP 14.3(a) as statutory attorney fees and reasonable expenses actually incurred—to the substantially prevailing party on appeal. Safeco fails to support additional attorney fees or costs with argument or citation to authority. *Austin v. U.S. Bank of Wash.*, 73 Wn. App. 293, 313, 869 P.2d 404 (1994). Consequently, we award Safeco only statutory attorney fees and actual costs pursuant to RAP 14.2.

Affirmed.

BROWN, C.J., and KURTZ, J., concur.

Review denied at 150 Wn.2d 1036 (2004).