[No. 21938-1-III.   Division Three.   February 12, 2004.]

HARRY W. HADLEY, ET AL., *Appellants*, v. HELEN MAXWELL, ET AL., *Respondents*.

138

*Ronaldo P. Delgado* (of *Foreman, Arch & Delgado, P.L.L.C.*) and *George J. Schwab II* and *Lorna W. Lewis* (of *Calbom & Schwab, P.S.C.*), for appellants.

*D. Michael Reilly*, *Michael B. King*, and *June A. Jackson* (of *Lane Powell Spears Lubersky, L.L.P.*), *for respondents.*

BROWN, C.J. — In this second appeal between the parties, we address their dispute regarding judgment interest after a retrial. In 1998, Jewell and Harry Hadley (the Hadleys) prevailed in their automobile personal injury negligence suit against Helen and John Doe Maxwell (the Maxwells). We affirmed, but the Supreme Court reversed on liability and ordered a new trial on liability alone. In 2003, the second trial resulted in an identical liability verdict, but the

trial court denied the Hadleys' claims for the interest granted in the 1998 judgment. The Hadleys appealed. Under the facts, we hold the Hadleys are entitled to interest from the 1998 judgment for two reasons. First, a dispute over part of the claim does not convert a liquidated claim to an unliquidated claim. Second, RCW 4.56.110(3) allows interest under these facts. Accordingly, we reverse.

## FACTS

In 1994, the Hadleys sued the Maxwells for personal injury damages arising from a car accident. In 1996, Mrs. Hadley filed a cross-claim against Mr. Hadley, the operator of their vehicle. The Maxwells filed a counterclaim.

The jury was instructed that contributory negligence did not apply to Mrs. Hadley, a vehicle passenger, and it was to consider the alleged negligence of the Maxwells and Mr. Hadley. In June 1998, the jury found the Maxwells solely negligent and awarded Mrs. Hadley $125,000 and Mr. Hadley $11,000 in damages. The trial court entered a consistent judgment, awarding Mrs. Hadley "interest on the amount of her judgment from June 8, 1998 at the rate of 12% per annum." Clerk's Papers (CP) at 66.

The Maxwells appealed. We affirmed in an unpublished opinion. *Hadley v. Maxwell*, noted at 98 Wn. App. 1053 (2000). The Maxwells then petitioned for Supreme Court review solely on a liability issue, collateral estoppel. The Supreme Court granted review, reversed, and, after noting the unchallenged damages award, remanded for a new trial on liability alone. *Hadley v. Maxwell*, 144 Wn.2d 306, 315, 27 P.3d 600 (2001). On January 9, 2003, without considering damages, the second jury entered an identical verdict finding the Maxwells solely liable.

The Hadleys proposed a judgment including interest accrued between the date of the 1998 damages verdict and the date of the 2003 liability verdict. The Maxwells opposed the interest award as an improper award of pre-2003 judgment interest. The trial court recognized that the

damages award was not challenged and thus "set," but reasoned: "The court found that under RCW 4.56.110(3), the statute did not apply because Defendants Maxwell prevailed at the Washington Supreme Court. The court further found that the common law theories did not apply to allow for the awarding of prejudgment interest in this case." CP at 195.

The Hadleys appealed the trial court's denial of pre-2003 judgment interest.

## ANALYSIS

The issue is whether the trial court erred in denying interest on the Hadleys' damages from the date of the 1998 judgment. This general issue raises: (1) whether the unchallenged 1998 damages award could be treated as liquidated damages for purposes of prejudgment interest on the 2003 judgment, and (2) whether the Hadleys could receive postjudgment interest on the unchallenged 1998 damages award pursuant to RCW 4.56.110(3).

■ We review a trial court's decision regarding prejudgment interest for abuse of discretion. *Mehlenbacher v. DeMont*, 103 Wn. App. 240, 250, 11 P.3d 871 (2000); *Curtis v. Sec. Bank*, 69 Wn. App. 12, 20, 847 P.2d 507 (1993). A trial court abuses its discretion if it exercises its discretion on untenable grounds or for untenable reasons. *Mehlenbacher*, 103 Wn. App. at 250-51.

■ "The prevailing party in a lawsuit is generally entitled to prejudgment interest on liquidated damages." *Lakes v. von der Mehden*, 117 Wn. App. 212, 214, 70 P.3d 154 (2003) (citing *Kiewit-Grice v. State*, 77 Wn. App. 867, 872, 895 P.2d 6 (1995)). "Prejudgment interest is awarded to compensate a party who has lost the use of money to which he or she was entitled." *Lakes*, 117 Wn. App. at 217 (citing *Hansen v. Rothaus*, 107 Wn.2d 468, 473, 730 P.2d 662 (1986); *Seattle-First Nat'l Bank v. Wash. Ins. Guar. Ass'n*, 94 Wn. App. 744, 759, 972 P.2d 1282 (1999)). "Such interest is awardable (1) when the amount claimed is liquidated, or (2)

when the amount claimed is unliquidated but is determinable by computation with reference to a fixed standard in a contract." *Lakes*, 117 Wn. App. at 217 (citing *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968); *Kiewit-Grice*, 77 Wn. App. at 872).

"A claim is liquidated if data in the evidence makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Lakes*, 117 Wn. App. at 217 (citing *Lester N. Johnson Co. v. City of Spokane*, 22 Wn. App. 265, 277, 588 P.2d 1214 (1978)). "Generally prejudgment interest is favored because the law assumes that one who retains money owed to another should be charged interest on it." *Lakes*, 117 Wn. App. at 217 (citing *Kiewit-Grice*, 77 Wn. App. at 873). "On the other hand, the law recognizes that a defendant should not have to pay prejudgment interest when he or she is unable to ascertain the amount owed." *Lakes*, 117 Wn. App. at 217 (citing *Hansen*, 107 Wn.2d at 473).

The Hadleys contend damages were liquidated at the time of the second trial primarily because the Maxwells did not petition for review of the damages award, and the Supreme Court noted substantial evidence supported the award, then remanded for retrial solely on the issue of liability. Further, although some dispute remained regarding the division of fault between Mr. Hadley and the Maxwells, Mrs. Hadley was always considered a non-negligent party as a passenger in the Hadley car.

Below, the Maxwells basically argued the Hadleys' personal injury damages were incapable of precise calculation, and that the 1998 judgment was reversed. The trial court reasoned the Maxwells did not appeal the damages awarded in the first trial, and, therefore, the Hadleys' "damage award is set, and not an issue." CP at 195. Nevertheless, the trial court reasoned, without elaboration, that neither RCW 4.56.110(3) nor "common law theories" permitted an award of interest. CP at 195.

The Maxwells urge us to follow Division One's reasoning in *Car Wash Enters., Inc. v. Kampanos*, 74 Wn. App. 537,

874 P.2d 868 (1994), as an alternative basis for justifying the trial court's reasoning. We can generally affirm a trial court on any theory set forth in the pleadings and evidence even if the trial court did not consider the theory. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

The plaintiff in *Car Wash* purchased land contaminated by the operations of previous owners. *Car Wash*, 74 Wn. App. at 539-40. The plaintiff incurred $53,933.86 in environmental cleanup costs. *Id.* at 540. The plaintiff sued the defendant for contribution. *Id.* The bench trial resulted in a finding that seven-elevenths of the cleanup costs were attributable to the defendant and the remaining portion of the costs was attributable to the defendant's predecessor. *Id.* at 540-41.

The plaintiff sought prejudgment interest, arguing "that no opinion or discretion was required to determine the reasonableness or necessity of the clean-up expenses and, thus, its claim is liquidated." *Id.* at 549. Division One disagreed: "Although the amount that [the plaintiff] expended to clean up the contamination was a sum certain, the amount that [the defendant] owed for the clean up was not." *Id.* The Court of Appeals reasoned the trial court's allocation of contribution among the previous landowners was an act of discretion that rendered the defendant's share of the costs unliquidated. *Id.*

We do not follow *Car Wash* here because its reasoning conflicts with the well-recognized principle that a dispute over the whole or part of the claim does not convert a liquidated claim to an unliquidated claim. *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 685, 15 P.3d 115 (2000); *Prier*, 74 Wn.2d at 33. In other words, the defendant's claim that he or she is not liable for part or all of the plaintiff's liquidated damages will not preclude a successful plaintiff from receiving prejudgment interest. *Weyerhaeuser*, 142 Wn.2d at 685; *Prier*, 74 Wn.2d at 33. "[T]he defendant's belief that he or she never owed the money in the first place has never been an excuse for avoiding interest on a liquidated claim." *Colonial Imports v.*

*Carlton N.W., Inc.*, 83 Wn. App. 229, 247, 921 P.2d 575 (1996) (citing *Prier*, 74 Wn.2d at 34).

Moreover, a liquidated claim remains so even if the defendant is partially successful in reducing his or her share of liability. *Weyerhaeuser*, 142 Wn.2d at 685; *Prier*, 74 Wn.2d at 33. "In short, it is the character of the claim and not of the defense that is determinative of the question whether an amount of money sued for is a 'liquidated sum.'" Charles T. McCormick, Handbook on the Law of Damages, § 54, at 216 (1935) (quoted in *Weyerhaeuser*, 142 Wn.2d at 686; *Prier*, 74 Wn.2d at 33). That the defendant in *Car Wash* disputed its share of the debt owed the plaintiff did not, in our view, change the liquidated character of the claim. *Prier*, 74 Wn.2d at 34. Accordingly, we reason *Car Wash* does not support the Maxwells' argument.[1]

Moreover, *Car Wash* does not address the primary issue here. Our question is whether the unchallenged damages award converted a claim that was unliquidated prior to the first verdict to a liquidated claim for purposes of the subsequent liability trial. As noted above, a dispute over liability will not convert a liquidated claim into an unliquidated claim. *See Weyerhaeuser*, 142 Wn.2d at 685-86; *Prier*, 74 Wn.2d at 33.

No previous Washington case concerns this issue. On appeal, the Hadleys rely heavily on cases from Wisconsin and Idaho supporting the proposition that a damages verdict established in an earlier trial renders damages liquidated for purposes of a later liability trial. *See, e.g., Leliefeld v. Panorama Contractors, Inc.*, 111 Idaho 897, 728 P.2d 1306 (1986); *Nelson v. Travelers Ins. Co.*, 102 Wis. 2d 159, 306 N.W.2d 71 (1981). We find these authorities persuasive, and conclude, under facts like ours, that an unchallenged damages award on an unliquidated claim results in a liquidated claim for purposes of a subsequent trial on liability alone. Furthermore, as discussed below, we arrive at a similar result under the relevant statute.

---

[1] It appears the *Car Wash* plaintiff did not petition for Supreme Court review.

Commendably, the Hadleys recognize courts in other states have not allowed recovery of prejudgment interest in similar circumstances. *See, e.g., Johnson v. Moberg*, 354 N.W.2d 613 (Minn. Ct. App. 1984). The trial court cannot be faulted for its common law ruling because the conflicting authorities were not before it, even though by our analysis it abused its discretion. Our decision obviates the need to discuss the Maxwells' argument based upon *Colonial Imports* that an award of prejudgment interest would be inequitable. In passing, we note by alternatively urging us to follow *Colonial Imports*, the Maxwells necessarily argue the proposition that the Hadleys' claim is liquidated, but barred by unreasonable delay. *See Colonial Imports*, 83 Wn. App. at 244-47. Given that at the time of the first trial the issue of collateral estoppel was unresolved in this state, it would be inequitable to penalize the Hadleys for pursuing that theory successfully at the first trial.

Now we turn to our analysis of RCW 4.56.110(3). The Hadleys argue that even if they were not entitled to prejudgment interest, they are entitled to postjudgment interest under RCW 4.56.110(3) because this court and the Supreme Court affirmed the damages verdict. The trial court agreed with the Maxwells below, that RCW 4.56.110(3) does not apply because the Supreme Court reversed this court and remanded the case for the second trial. We review de novo the trial court's application of a statute to a given set of facts. *Sintra, Inc. v. City of Seattle*, 96 Wn. App. 757, 761, 980 P.2d 796 (1999).

Generally, a prevailing party in a civil trial is entitled to postjudgment interest. RCW 4.56.110. With exceptions not relevant here, interest ordinarily accrues from the date judgment is entered. RCW 4.56.110(3). However, if the judgment is challenged on appeal, the statute partly states:

> That in any case where a court is directed on review to enter judgment on a verdict or *in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall*

*date back to and shall accrue from the date the verdict is rendered.*

RCW 4.56.110(3) (emphasis added).

This issue revolves around the italicized portion of the statute. The Maxwells contend the Supreme Court reversed the entire judgment, thus rendering RCW 4.56.110(3) inapplicable. The Hadleys contend the Supreme Court impliedly affirmed the damages judgment because it reversed solely on the issue of liability.

"Awards reversed on review do not bear interest." *Fisher Props., Inc. v. Arden-Mayfair, Inc.,* 115 Wn.2d 364, 373, 798 P.2d 799 (1990). The Maxwells incorrectly contend *Fisher* requires interest to run from the date of the second judgment. The *Fisher* court was concerned with a narrow exception to the rule that interest on a *reversed* award does not run back to the date of the original partially affirmed judgment. *Fisher,* 115 Wn.2d at 373-74.

In a previous opinion, the Supreme Court *partially* reversed an award and directed the trial court to consider alternative measures of damages on the *reversed* issues. *Id.* Recognizing an exception exists where an award is modified, the Supreme Court reasoned its remand required the trial court to determine the *reversed* damages anew. *Id.* "The mandate necessitated new findings and a new judgment, not a simple mathematical computation." *Id.* at 374 (citing *Yarno v. Hedlund Box & Lumber Co.,* 135 Wash. 406, 237 P. 1002 (1925)). Accordingly, the Supreme Court held interest could not run "on the portions of the judgment reversed by this court from the date of the original judgment." *Id.* at 374-75. Implicitly, the Supreme Court did not disturb interest on the *affirmed* claims accruing from the date of the original judgment.

Here, this court affirmed the judgment in its entirety. But the Maxwells petitioned solely the liability issue of collateral estoppel. *Hadley v. Maxwell,* 144 Wn.2d 306, 310, 27 P.3d 600 (2001). The Supreme Court agreed and therefore reversed on that issue alone. *Id.* at 315. The

Supreme Court specifically noted the Hadleys' damages had been fully and vigorously litigated and the Maxwells did not petition for review of that award; therefore, the Supreme Court did not require relitigation of that issue. *Id.* Thus, the Supreme Court impliedly affirmed the damages award. *See Sintra*, 96 Wn. App. at 764 (interpreting the Supreme Court's silence on a cost award as affirming that award). On remand, the trial court merely had to do the simple arithmetic of apportioning the damages for Mr. Hadley per the jury's liability verdict. *See id.* at 763 (interest calculation per remand order is a simple mathematical task). For Mrs. Hadley, no apportionment was even necessary because she was a non-negligent party.

Given all, we hold the Hadleys are entitled to interest from the 1998 judgment. Because this court affirmed the 1998 damages award without challenge, the interest accrues from the date of the 1998 verdict. RCW 4.56.110(3). The Supreme Court's opinion is consistent with this view. Since the trial court misinterpreted the effect of the Supreme Court's partial reversal of this court, it misapplied the statute, and therefore erred.

Reversed.

SWEENEY and SCHULTHEIS, JJ., concur.

After modification, further reconsideration denied March 23, 2004.

Review denied at 152 Wn.2d 1030 (2004).