238 P.3d 1184 (2010)
In the Matter of the MARRIAGE OF Carmen P. ROCKWELL, Respondent, and
Peter G. Rockwell, Appellant.
No. 63079-2-I.
Court of Appeals of Washington, Division 1.
July 6, 2010.
Publication Ordered September 7, 2010.
*1185 Gregory Mann Miller, Jason W. Anderson, Carney Badley Spellman, Seattle, WA, Mary L. Hammerly, Attorney at Law, Issaquah, WA, for Appellant.
Catherine W. Smith, Valerie A. Villacin, Edwards Sieh Smith & Goodfriend PS, Cynthia B. Whitaker, Law Offices of Cynthia B. Whitaker, Seattle, WA, for Respondent.
APPELWICK, J.
¶ 1 Peter Rockwell appeals the division of marital property, arguing it is not just and equitable. The parties argued below that the trial court was mandated by our earlier opinion to follow one of two choices on remand; it was not. We cannot ascertain from the record whether the trial court exercised its discretion or felt constrained to choose between the two positions argued. We vacate the judgment and remand.

FACTS
¶ 2 Peter and Carmen Rockwell were married from 1978 until 2004, a total of 26 years. In re Marriage of Rockwell, 141 Wash.App. 235, 239, 170 P.3d 572 (2007), review denied, 163 Wash.2d 1055, 187 P.3d 752 (2008). The facts underlying the first appeal of the dissolution of the community are set out in our first opinion and need not be repeated here. In response to a challenge to the division of property, we affirmed the trial court's overall 60/40 division of the property in favor of Carmen as just and equitable. Id. at 255, 170 P.3d 572. However, in response to the cross-appeal, we held the trial court abused its discretion when it used the subtraction method to calculate the separate property portion of Carmen's pension. Id. at 253-54, 170 P.3d 572. We held that the time rule method applied. Id. at 254, 170 P.3d 572. We remanded for distribution according to the new calculation. Id.
¶ 3 On remand, the trial court applied the time rule method to the pension, awarded the separate portion of the pension to Carmen, and divided the community property portion of the pension 60/40. It did not otherwise change the community property division originally *1186 made. This resulted in an overall division closer to 70/30 in Carmen's favor. The trial court entered judgment in favor of Carmen in the amount of $77,958.42, which included reimbursements of overpayments from the pension, prejudgment interest, attorney fees, and expenses and costs. Peter timely filed a notice of appeal.

DISCUSSION
¶ 4 We review an order distributing property for an abuse of discretion. In re Marriage of Kraft, 119 Wash.2d 438, 450, 832 P.2d 871 (1992). In a dissolution action, all property, community and separate, is before the court for distribution. In re Marriage of Stachofsky, 90 Wash.App. 135, 142, 951 P.2d 346 (1998). The relevant factors in determining a just and equitable distribution of property are provided by RCW 26.09.080. In dissolving a marriage of 25 years or more, the trial court must put the parties in roughly equal financial positions for the rest of their lives. Rockwell, 141 Wash.App. at 243, 170 P.3d 572.
¶ 5 In this appeal, the disagreement on whether the property distribution is fair and equitable stems from the parties' disagreement over this court's instructions in the first appeal. On remand, the parties appear to have agreed that Carmen should receive the separate property portion of her pension. Carmen argued the Court of Appeals decision required the trial court to award her 60 percent of the 62 percent community property portion of the pension and all of her separate property. Id. at 253, 170 P.3d 572. Peter argued that the Court of Appeals decision required the trial court to divide the recharacterized pension so that the overall 60/40 division of assets would be maintained. The trial court apparently accepted that it had to choose between the two options presented by the parties. The court explained:
And where I am having some problems with [Carmen's] argument is starting at the last paragraph on page 20, where the court of appeals quotes me as having concluded, quote, "The basics of the ruling are a 60/40 split, based on the difference in age, earning capacity, physical condition, and that Peter has the ability to earn income and save for retirements in the future." And then the last clause on the second from the bottom line is, "We conclude there was no abuse of discretion in making this final distribution."
The court then stated, "All I'm saying is that in my view, whatever I do, it still has to end up 60/40, however the math gets worked." The court continued, "So in terms of recharacterizing the pension, if it doesn't come out 60/40, I have, in fact, changed what the court of appeals affirmed." The court awarded Carmen the separate property portion of the pension and 60 percent of the community property portion of the pension and did not change its prior division of the rest of the community property. This maintained the 60/40 community property split, but resulted in an overall division of 70/30 in Carmen's favor.
¶ 6 We "reverse[d] the trial court's characterization of Carmen's federal pension and affirm[ed] on the other issues appealed. We remand[ed] for further proceedings consistent with [that] opinion." Rockwell, 141 Wash.App. at 255, 170 P.3d 572. The court regrets that the earlier opinion created confusion and provided the parties with a clear basis to argue the positions taken on remand. However, the language "we remand for `further proceedings'" signals this court's expectation that the trial court will exercise its discretion to decide any issue necessary to resolve the case. State v. Schwab, 134 Wash. App. 635, 645, 141 P.3d 658 (2006) (quoting Roberson v. Perez, 156 Wash.2d 33, 42, 123 P.3d 844 (2005)), aff'd by, 163 Wash.2d 664, 185 P.3d 1151 (2008). The opinion did not mandate that the trial court preserve the 60/40 overall division initially ordered. We did not intend to bind the trial court on remand to only the two alternatives argued by counsel. We intended that the trial court exercise its discretion on remand. We cannot ascertain from this record that it did so, and for this reason, we vacate the judgment and remand for further proceedings.
¶ 7 Peter argues that the trial court improperly awarded prejudgment interest on the amounts overpaid under the earlier split of the pension payments. Because this issue is likely to recur on remand, we will address it. A prevailing party is generally entitled to prejudgment interest, provided the damages *1187 are liquidated. Lakes v. von der Mehden, 117 Wash.App. 212, 214, 70 P.3d 154 (2003). The interest is awardable when the amount claimed is liquidated. Id. at 217, 70 P.3d 154. A claim is liquidated if data in the evidence makes it possible to compute the amount with exactness, without reliance on opinion or discretion. Id. Interest is not a penalty but compensation for the loss of use of those funds. Jones v. Best, 134 Wash.2d 232, 242, 950 P.2d 1 (1998). A dissolution is an equitable proceeding in which the trial court has broad discretion to fashion remedies. See RCW 26.09.080; In re Marriage of White, 105 Wash.App. 545, 549, 20 P.3d 481 (2001). We see no reason to hold that prejudgment interest is unavailable to the trial court as one of the tools in fashioning an equitable remedy for the loss of use of a liquidated sum.
¶ 8 Both parties request fees on appeal, pursuant to RCW 26.09.140 ("Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs."). We decline to award fees on appeal to either party.
¶ 9 We vacate the judgment and remand for further proceedings.
WE CONCUR: DWYER, C.J., and GROSSE, J.