[No. 35275. Department Two. August 25, 1960.]

*In the Matter of the Estate of* CLARA BODE BAILEY, *Deceased.*[1]

[1]Reported in 354 P. (2d) 920.

*Stanley J. Krause*, for appellant.

*Charles B. Welsh* (*Brodie & Fristoe*, of counsel), for respondents.

FINLEY, J.—Clara Bode Bailey died intestate on March 21, 1955. She was survived by two sisters, Louisa Bode and Lottie Bode; and the three children, Grace Simonson, Melba Olson and Ivan Bode, of a deceased brother, Max Bode.

Lottie Bode was appointed as special administratrix of the estate on May 2, 1955, and acted as such until August 2, 1955, at which time J. R. Schneider and C. A. Graves qualified and were appointed to act as joint general administrators. They retained Charles B. Welsh to act as their attorney. On January 28, 1958, the court approved the first interim report and petition for decree of distribution as presented by the administrators, wherein, *inter alia*, Welsh was awarded attorney's fees in the amount of fifteen thousand dollars for his services to date, based upon an estimate that the minimum gross estate would exceed two hundred fifty thousand dollars. On November 7, 1958, certain of the assets of the estate were offered for sale at a public auction and were sold to Lottie Bode, the high bidder, for $68,112.28. On November 28, 1958, the administrators presented their second interim report. The court approved that report, and awarded attorney Welsh an additional fee of $5,000 for services rendered during the period between the first and second reports. Lottie Bode, having failed and refused to pay over to the estate the $68,112.28 bid at the above-noted auction, the court also authorized the administrators to commence suit to recover this sum. Additionally, the administrators were authorized to commence a quiet-title action on behalf of one Fred C. Turner respecting certain real property. Turner had purchasesd the land from the estate, and the quiet-title action was necessary in order that clear title might be conveyed to him.

Attorney Welsh represented the administrators in both the quiet-title action and in the suit against Lottie Bode. Both actions were successful, and the latter action resulted in entry of a judgment against Lottie Bode for the sum of $68,112.28, plus six per cent interest per annum from December 1, 1958, until paid. Lottie Bode made no attempt to pay the judgment until February 27, 1959, when she deposited $24,190 with the clerk of the court. In the meantime, the administrators, again represented by Welsh, intervened in a civil action pending between one Fernandez and Lottie Bode in the hope of thereby realizing some satisfaction of the judgment they held against Lottie Bode. On May 5,

1959, Lottie Bode deposited an additional $27,110 with the clerk of the court. Several days earlier, on May 1, 1959, after a hearing before the court, an order had been entered authorizing the clerk to pay over to the administrators the sums received by the clerk from Lottie Bode. At about the same time, the remainder of the judgment debt was recovered by the administrators, with the aid of attorney Welsh, through garnishment and other means. Consequently, the intervention in the Fernandez-Bode civil action was dropped.

On May 8, 1959, the administrators presented their third interim report and petition for final decree of distribution. This report was approved, and decree entered on May 22, 1959. The decree, in part, contained the following provisions: (1) an award to attorney Welsh of additional attorney's fees in the sum of $8,075.23, for services rendered since the filing of the second interim report; (2) a ruling that the estate should recover interest on the Lottie Bode judgment up to the date (May 1, 1959) of the order authorizing the clerk to pay the money received over to the administrators. Lottie Bode has appealed, assigning error to the aforementioned two facets of the decree; and also claiming that she was given no notice of the presentation and entry of the decree.

We shall consider first the question of attorney's fees. The trial court arrived at the sum of $8,075.23 as reasonable compensation for attorney Welsh's services subsequent to the second interim report on the basis of the following calculation:

(a) $6,811.23—10% of the judgment recovered against Lottie Bode;

(b) 250.00—services rendered in the Turner quiet-title suit;

(c) 250.00—services rendered in the Fernandez intervention;

(d) 765.00—$10 per hour for 76½ hours office time expended in marshaling assets.

It is to be noted, of course, that this award was made in addition to the total of $20,000 previously awarded to

Welsh by the orders approving the first and second interim reports. Appellant, Lottie Bode, does not contest the reasonableness of the earlier awards. Nor does she contest the reasonableness of the total of $500 awarded to Welsh for his services in the Turner and Fernandez matters. Her attack upon the $765, allowed for office time, is based solely upon a contention that there is no evidence to support the trial court's finding that Welsh expended 76½ hours on the matters for which this fee was awarded. She points to Welsh's statement, made at the beginning of the hearing on the third interim report in support of the total fee he was asking the court to approve, wherein he indicated that he had put in a total of sixty-seven hours office time on these matters. The administrators' answer is that Welsh spent an additional 9½ hours in preparation and presentation of the order approving the third interim final account, thus explaining the discrepancy which is bothering appellant. Respondents, however, have pointed to no evidence in the record supporting this claim, and we can find none. We hold, therefore, that the trial court erred in awarding Welsh $765 rather than $670 (67 hours times $10 per hour) for office time.

Appellant's primary attack on the amount of attorney's fees awarded to Welsh is aimed at the award of $6,811.23, calculated on the basis of ten per cent of the judgment recovered against her. RCW 11.48.210 requires the trial court to allow an administrator and attorney such compensation as to the court shall seem just and reasonable. In fixing the amount of such fee, the court is to consider:

" . . . the amount and nature of the services rendered, the time required in performing them, the diligence with which they have been executed, the value of the estate, the novelty and difficulty of the legal questions involved, the skill and training required in handling them, the good faith in which the various legal steps in connection with the administration were taken, and all other matters which would aid the court in arriving at a fair and just allowance." *In re Peterson's Estate* (1942), 12 Wn. (2d) 686, 123 P. (2d) 733 (quoted with approval in *In re Merlino's Estate* (1956), 48 Wn. (2d) 494, 294 P. (2d) 941).

 · This court will not disturb the findings of the trial court unless there are facts and circumstances clearly showing an abuse of discretion. *In re Hart's Estate* (1930)·, 156 Wash. 255, 286 Pac. 650. It is evident, however, that, in fixing Welsh's fee for his services in connection with the recovery and satisfaction of the judgment against appellant for the amount bid at the public auction whereat appellant purchased certain assets of the Bailey estate, the trial judge considered only one factor, namely, the amount of the recovery. There is no evidence of any agreement between Welsh and the respondent administrators whereunder Welsh was to receive a contingent fee, based upon a percentage of the recovery, for his services in this matter; and naturally there is no evidence of court approval of such an agreement. We are, therefore, convinced that the trial court abused its discretion in awarding Welsh a percentage fee for these services, based solely upon the amount of the recovery.

 We turn next to a consideration of the propriety of the trial court's ruling that the estate should recover from appellant interest on the entire judgment held against her up to May 1, 1959, notwithstanding the fact that on February 27, 1959, she had paid $24,190 into the clerk of the court. The trial court found that, although appellant paid this amount into the clerk of the court on the aforesaid date, she did not direct the clerk to apply this payment to a reduction of the amount of the judgment. The clerk made no docket entry indicating partial satisfaction of the judgment; nor did he release the payment to the administrators until the court had issued its May 1, 1959, order authorizing him to do so. We are convinced that under these circumstances interest was properly chargeable on the entire amount of the judgment up to May 1, 1959, in accordance with the trial court's ruling. At common law, the clerk of court was without general authority to receive payment of judgments; 2 Freeman on Judgments, § 1115; 34 Corpus Juris, Judgments, 686, § 1058; 50 C. J. S., Judgments, 140, § 685; 30A Am. Jur., Judgments, § 996. It follows then that the authority of the clerk to accept payment of judgments in the type of case before the court must exist, if it exists at all, by virtue of

some statutory authority, either express or implied. *Schofield v. Cleveland Trust Co.* (1948), 84 N. E. (2d) 83. In urging that such statutory authority exists in this state, appellant relies upon RCW 4.56.100, which provides:

"Satisfaction of judgments. When any judgment for the payment of money only shall have been paid or satisfied, the clerk of the court in which such judgment was rendered shall note upon the record in the execution docket satisfaction thereof giving the date of such satisfaction upon *either the payment to such clerk of the amount of such judgment, costs and interest and any accrued costs by reason of the issuance of any execution,* or the filing with such clerk of a satisfaction entitled in such action and identifying the same executed by the judgment creditor or his attorney of record in such action or his assignee acknowledged as deeds are acknowledged. A certificate by such clerk of the entry of such satisfaction by him may be filed in the office of the clerk of any county in which an abstract of such judgment has been filed. When so satisfied by the clerk or the filing of such certificate the lien of such judgment shall be discharged." (Italics ours.)

While it appears from the above italicized portion of the statute that a money judgment may be satisfied by payment into the office of the clerk of the court, we are of the opinion that, in order for such a payment to have this effect, it must be accompanied by a legally effective authorization, or direction, or a request by the judgment debtor that the clerk apply the payment to the judgment in question. Therefore, the payment made by appellant on February 27, 1959, unaccompanied by such an authorization, direction, or request, did not constitute payment to the administrators and did not operate as even a partial satisfaction of the judgment. Such deposit did not stop the running of interest on the judgment, for interest runs until the judgment is duly paid.

Appellant's final contention, namely, that she was not given adequate notice of the presentation and entry of the decree approving the third interim report and ordering distribution, is also without merit. The decree was presented and entered in accordance with an oral stipulation of counsel, made in open court at the time of the hearing of May

8, 1959, and after appellant had duly presented all of her objections thereto. Therefore, we fail to see what cause appellant has to complain.

In view of the conclusions we have reached, this matter should be remanded to the trial court solely for the purpose of reconsidering the question of reasonable attorney's fees to be awarded to attorney Welsh in accordance with the views expressed in this opinion. The parties will bear their own costs of this appeal. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.