[No. 54487-0-I.   Division One.   August 29, 2005.]

JAMES D. LINDSAY, *Appellant*, v. PACIFIC TOPSOILS, INC., ET AL., *Respondents*.

674

*William T. Grimm* (of *Davis Grimm Payne & Marra*) and *Jennifer L. Mora* (of *Jackson Lewis, L.L.P.*), for appellant.

*James R. Dickens* (of *Miller Nash, L.L.P.*), for respondents.

¶1 APPELWICK, J. — James Lindsay won a favorable verdict on his employment claim against Pacific Topsoils, Inc. (PTI). Lindsay appeals the trial court's characterization of PTI's payment into the court's registry as a partial satisfaction of judgment, which stopped the accrual of interest. Lindsay disputed the amount of the judgment and argues that because PTI's payment required that he accept the payment as judgment in full, it was a conditional payment, and interest should have continued to run until disbursement. We agree with Lindsay and reverse and remand for determination of the appropriate amount of interest.

¶2 PTI cross-appeals the trial court's ruling that interest on the judgment began to run from the date of the verdict, not the date the judgment became effective. We affirm this ruling because PTI had unsuccessfully appealed the merits of the case, thus triggering the provisions of RCW 4.56.110(4) that require interest to run from the verdict date. We also affirm the award to Lindsay of attorney fees incurred establishing that the interest on the judgment ran effective from the date of the verdict.

## FACTS

¶3 On February 14, 2002, James Lindsay obtained a favorable verdict against Pacific Topsoils, Inc., and Dave and Sandra Forman (PTI). Lindsay had sued for wrongful discharge, breach of contract, promissory estoppel and negligent misrepresentation. The jury awarded Lindsay $2,028,083[1] in damages.

¶4 The trial court ordered a stay of the entry of judgment that was filed on March 27, 2002. The judgment was stayed pending resolution of PTI's posttrial motions. The order established that:

> [i]f judgment in any amount is entered in favor of plaintiff Lindsay after this Court decides the post-trial motions set for April 4, 2002, as a condition of this stay defendants Pacific Topsoils, Inc. and Dave Forman agree that the judgment shall be effective as of March 14, 2002.

The trial court entered judgment for Lindsay on May 9, 2002, affirming the jury's verdict amount and awarding Lindsay additional costs and attorney fees in the amount of $114,976.56.

¶5 In June 2002, PTI appealed to this court, and in September 2003 we affirmed the judgment in favor of Lindsay. PTI filed a petition for review with the Washington State Supreme Court in October 2003, which was denied in May 2004.

¶6 Meanwhile, on December 23, 2003, PTI filed a notice of payment of judgment in full into the court's registry. The amount PTI paid was $2,600,336.55, which included the initial verdict plus the costs and attorney fees awarded. This payment also included 12 percent per annum interest on the judgment amount, calculated since March 14, 2002, the day the judgment was agreed effective. The notice stated that the money "is available immediately to plaintiff James D. Lindsay in exchange for entry of a full satisfaction of judgment for this amount per RCW 4.56.100(1)."

---

[1] The judgment was for $2,028,088.

¶7 The next day PTI filed a motion requesting the trial court declare that PTI had paid the judgment for Lindsay in full. Lindsay opposed the motion, arguing that the interest should have been calculated to accrue from February 14, 2002, the date of the verdict, instead of from March 14, 2002. In February 2004, the trial court denied PTI's motion. In response to PTI's motion for clarification, the trial court stated that interest on the verdict began to accrue from the verdict date, but interest on the costs and attorney fees began to accrue from the effective judgment date.

¶8 Litigation on this issue continued. PTI filed motions in February and May 2004 attempting to clarify the amount remaining that PTI was to pay. In April 2004, Lindsay requested costs and fees incurred in responding to PTI's motions. The trial court awarded Lindsay additional costs and attorney fees totaling $29,643.50. In response to PTI's May 2004 motion, the trial court reiterated in June 2004 its holding regarding when interest began accruing. The court further ordered that PTI's December 2003 payment into the court's registry was applied first to satisfy the accrued statutory interest and then to the principal,[2] leaving $17,926.97 in unpaid principal as of December 2003. The court determined that PTI owed Lindsay $17,926.97 plus 12 percent interest per year on that amount, accruing from the date of the payment into the registry. The court reiterated that, in addition, PTI owed Lindsay the fees and costs awarded the month before.

¶9 PTI paid the indicated amount into the court's registry several days later. Lindsay requested reconsideration, asserting that the December 2003 payment did not partially satisfy the judgment because it was conditional. Accordingly, Lindsay argued, he was entitled to postjudgment interest in the entire judgment through June 2004. But several days later, the trial court entered an order declaring that the judgment was satisfied in full.

¶10 Lindsay appeals the court's order declaring the judgment satisfied in full. PTI cross-appeals, assigning

---

[2] The principal included the costs and attorney fees awarded to Lindsay at trial.

error to the court's determination that interest began to accrue on the verdict date and assigning error to the court's May 2004 award of fees and costs to Lindsay.

## ANALYSIS

### I. Characterization of the December Payment

¶11 Lindsay asserts that the trial court's June 3, 2004 order specifying the amounts PTI still owed Lindsay was in error.[3] Specifically, he claims that the trial court should not have treated the December 2003 payment as a partial satisfaction of the judgment, thereby causing interest to accrue only on the unpaid principal. Instead, Lindsay claims that the December 2003 payment was conditional and, accordingly, interest should have continued to accrue on the whole judgment.

¶12 PTI further contends that Lindsay was free to remove the December 2003 funds from the registry at any time, and thus the tender of funds was not conditional. PTI argues that the provision indicating the money was "full satisfaction of judgment *for this amount*" meant that the judgment was satisfied as to the amount of money tendered, "limiting the dispute to only the additional $17,926.97 Lindsay requested."

¶13 PTI is incorrect. PTI's notice of payment of judgment in full contained the provision that the money "is available immediately to plaintiff James D. Lindsay in exchange for entry of a full satisfaction of judgment for this amount per RCW 4.56.100(1)." This clause constituted a condition— Lindsay could withdraw the money only if he agreed that the money constituted a full satisfaction of judgment. "The purpose of awarding interest on a judgment is to compensate a party having the right to use money when it has been denied use of that money." *Aguirre v. AT&T Wireless Servs.*,

---

[3] Lindsay also assigns error to the trial court's denial of his motion for reconsideration and the trial court's order on satisfaction of judgment in full. As these assignments of error all flow from the same issue, we do not address them separately.

118 Wn. App. 236, 241, 75 P.3d 603 (2003). Because Lindsay was denied use of the money due to the condition on the payment, interest should have continued to run on the entire judgment from the date of the verdict until the date of disbursement.

¶14 This result is supported by case law. In *Steele v Lundgren*, 96 Wn. App. 773, 787, 982 P.2d 619 (1999), judgment was entered in favor of the plaintiff, and the defendant paid the judgment into the court's registry, "with an instruction that the funds should be held until further order of the court." The plaintiff was granted writs of garnishment and sought supplemental proceedings. *Lundgren*, 96 Wn. App. at 787. She also sought an order of disbursement, requesting that the payment be considered only partial satisfaction of the judgment because she was entitled to interest. *Lundgren*, 96 Wn. App. at 787. The trial court granted interest from the date of the judgment onwards. *Lundgren*, 96 Wn. App. at 787. On appeal, the defendant argued the interest award was in error because the plaintiff had a duty to limit her damages. The court noted that "there was some confusion whether the funds were available and would be released unconditionally," and accordingly upheld the award of postjudgment interest. *Lundgren*, 96 Wn. App. at 787. Similarly, here there was a provision that established a condition on the December 2003 funds' release. The rationale in *Lundgren* is thus applicable to the case at hand.

¶15 *In re Estate of Bailey*, 56 Wn.2d 623, 354 P.2d 920 (1960), further supports this result. In *Bailey*, a woman bought property at an auction, but failed to pay the amount of the bid. *Bailey*, 56 Wn.2d at 625. After a court entered a judgment against her, the appellant deposited only a portion of the money with the clerk of the court. *Bailey*, 56 Wn.2d at 625. Several months later, the trial court entered an order authorizing the clerk to pay the amount received by the appellant. *Bailey*, 56 Wn.2d at 626. The trial court ruled that the opposing party should recover interest on the entire amount up until that date. *Bailey*, 56 Wn.2d at 626.

The *Bailey* court reasoned that:

> although appellant paid this amount into the clerk of the court on the aforesaid date, she did not direct the clerk to apply this payment to a reduction of the amount of the judgment. The clerk made no docket entry indicating partial satisfaction of judgment; nor did he release payment . . . until the court had issued its . . . order authorizing him to do so. We are convinced that under these circumstances interest was properly chargeable on the entire amount of the judgment up to [the order date], in accordance with the trial court's ruling.

*Bailey*, 56 Wn.2d at 628. Since PTI did not direct the clerk to apply the payment as partial satisfaction, and the clerk did not do so, *Bailey* supports a finding that the December 2003 payment was not partial satisfaction.

¶16 PTI argues that postjudgment interest is an equitable remedy and because Lindsay initially refused payment of the judgment for tax purposes, he should not be entitled to postjudgment interest on the full amount. Essentially, PTI claims that because Lindsay did not accept payment before the December 2003 deposit and did not move to withdraw the deposited amount for several months, he contributed to the delay and should not be permitted to profit from it. But Lindsay had good cause not to accept the payment—he believed he was entitled to a greater amount of interest. Further, the wording of the notice of payment of judgment in full left Lindsay vulnerable to forfeiture of that claim if he had withdrawn the money. Under the circumstances, equitable principles do not dictate that Lindsay be deprived of interest on the entire amount of the judgment.

¶17 The trial court erred in determining that the deposit of funds in the registry stopped the running of interest on the judgment. Lindsay is entitled to interest on the judgment from the date of the verdict until the date that registry funds were disbursed to him. Accordingly, on remand, the trial court must recalculate the interest due, adjust the application of moneys paid to interest and to principal, and determine what amounts remain unpaid.

## II. Date that Interest Began to Accrue

¶18 PTI contends that the trial court erred in denying PTI's motion for satisfaction of judgment in relation to the December 23, 2003 payment.[4] Specifically, PTI claims that the trial court erred in holding that interest on the judgment began to accrue on the verdict date, rather than on the date the judgment was effective. PTI claims that Washington case law establishes this proposition, and further, that the parties contracted that the interest would begin to accrue on the effective date of the judgment.

¶19 RCW 4.56.110(4)[5] provides, in pertinent part:

[J]udgments shall bear interest from the date of entry at the maximum rate permitted under RCW 19.52.020 on the date of entry thereof. In any case where a court is directed on review to enter judgment on a verdict or in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered.

We review a trial court's application of a statute de novo. *Hadley v. Maxwell*, 120 Wn. App. 137, 145, 84 P.3d 286 (2004).

¶20 The trial court did not err in holding that interest began to accrue from the date of the verdict because the language of RCW 4.56.110(4) dictates that result. The statute provides that when a verdict is affirmed on review, interest accrues from the date of the verdict. This is exactly what happened in this case. PTI appealed the verdict to this court, and we affirmed. The Washington Supreme Court denied certiorari. Accordingly, under the

---

[4] Lindsay claims that PTI did not timely file a notice of cross-appeal, and, thus, some of the issues PTI has raised in its cross-appeal are not properly before this court. Specifically, Lindsay claims that because PTI did not file a Notice of Appeal within 30 days of the specific trial court decision PTI wanted reviewed, PTI's cross-appeal should be dismissed. However, a commissioner of this court heard this issue and decided in favor of PTI. Accordingly, we consider PTI's cross-appeal.

[5] In 2004, the legislature added a section to this statute, changing then RCW 4.56.110(3) to RCW 4.56.110(4).

plain language of RCW 4.56.110(4), the interest began to accrue from the date of the verdict.

¶21 Case law is also in accord with this interpretation. In *Hadley*, 120 Wn. App. at 140, the plaintiffs obtained a favorable judgment. The defendants appealed to Division Three of this court, which affirmed. *Hadley*, 120 Wn. App. at 140. The defendants then appealed to the Washington Supreme Court solely on a liability issue, and the court reversed. *Hadley*, 120 Wn. App. at 140. On remand, a jury found for the plaintiffs again. *Hadley*, 120 Wn. App. at 140. The plaintiffs sought interest on the earlier damages verdict accruing from the date of the verdict. *Hadley*, 120 Wn. App. at 140. Division Three agreed, noting that the Supreme Court had reversed only on the liability issue, thus impliedly affirming the earlier damages award. *Hadley*, 120 Wn. App. at 146-47. The *Hadley* court then concluded that because it had affirmed the earlier damages award without challenge, the interest accrued from the date of the earlier verdict. *Hadley*, 120 Wn. App. at 147.

¶22 PTI claims that *Kiessling v. Northwest Greyhound Lines, Inc.*, 38 Wn.2d 289, 229 P.2d 335 (1951), and *Weyerhaeuser Co. v. Commercial Union Insurance Co.*, 142 Wn.2d 654, 15 P.3d 115 (2000) dictate a different result. PTI is incorrect. In *Kiessling*, the court held that "[t]here is no statute in this state providing for the accrual of interest from the date of a verdict." *Kiessling*, 38 Wn.2d at 297. However, *Kiessling* was decided before the pertinent provision of RCW 4.56.110(4) was enacted. Accordingly, it is not dispositive.

¶23 *Weyerhaeuser* is also not dispositive. In that case, Weyerhaeuser sought a declaration of coverage from numerous insurance companies with regard to property damage at several allegedly polluted sites that Weyerhaeuser was required to clean up. *Weyerhaeuser*, 142 Wn.2d at 661. The trial court granted summary judgment in favor of the insurers with respect to some of the sites. *Weyerhaeuser*, 142 Wn.2d at 662. On appeal, summary judgment was reversed, and the issue went to trial. *Weyerhaeuser*, 142

Wn.2d at 662-63. After a jury found for Weyerhaeuser, the trial court awarded interest on the cost of the cleanup of one of the sites from the date of the verdict. *Weyerhaeuser*, 142 Wn.2d at 687. The court on appeal cited *Kiessling* and held that interest for the nonliquidated damages ran only from the date of judgment. *Weyerhaeuser*, 142 Wn.2d at 687. However, in *Weyerhaeuser*, the appeal reversed a summary judgment and reinstated the case. No judgment on the merits existed at that time, therefore no judgment was affirmed on appeal. When the trial court entered judgment and awarded interest dating back to the verdict, the provision in RCW 4.56.110(4) had not yet been triggered and interest dating back to the verdict was not yet appropriate.

¶24 PTI also asserts that Lindsay is estopped from claiming that interest accrual began on the verdict date because Lindsay agreed that the judgment would be effective on March 14, 2002. While it is true that Lindsay signed the order staying judgment that stated that the original judgment would be effective on March 14, 2002, this order does not even reference RCW 4.56.110(4), let alone expressly purport to modify the parties' statutory rights after the judgment has been affirmed on review. While judgments generally bear interest from the date of entry, that rule changes to the date of the verdict once a judgment has been affirmed on appeal. Accordingly, the agreed effective date of the judgment does not control the date for interest accrual after the case was affirmed on appeal.

III. Award of Fees to Lindsay

¶25 PTI asserts that the trial court erred in awarding Lindsay attorney fees in responding to PTI's efforts to satisfy the judgment. PTI claims that fees could be awarded only under RCW 49.48.030 and that the subject of the dispute is so far removed from the purpose of that statute that the fees were not justified. Further, PTI contends, the amount of fees awarded was so out of proportion to the amount of money in dispute that the award was unreasonable.

¶26 The test for reviewing an award of attorney fees is two pronged. First, we must determine whether the relevant statute provides for an award of fees; this is a question of law and is reviewed de novo. *Mehlenbacher v. DeMont*, 103 Wn. App. 240, 244, 11 P.3d 871 (2000). Once we have established that a legal basis exists for the award, we then review the amount of the award under the abuse of discretion standard. *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 126, 857 P.2d 1053 (1993).

¶27 RCW 49.48.030 provides, in pertinent part, that "[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer . . . ." The statute is remedial and is entitled to liberal construction to effect its purpose. *Dautel v. Heritage Home Ctr., Inc.*, 89 Wn. App. 148, 152, 948 P.2d 397 (1997).

¶28 The statute provides a basis for the trial court's award of fees to Lindsay. Lindsay requested fees for responding to PTI's motions to satisfy the judgment and motions to clarify the court's rulings. Lindsay also requested fees for discussions with PTI attempting to resolve the dispute. Lindsay was successful in opposing PTI's motions and prevailed on the issue of when interest began to accrue. "The purpose of awarding interest on a judgment is to compensate a party having the right to use money when it has been denied use of that money." *Aguirre*, 118 Wn. App. at 241. Establishing the amount of interest due is part of determining the amount of recovery to which the party is entitled. This is not so far removed from the purposes of a statute that is aimed at compensating individuals who successfully bring wage and salary claims. An interpretation of RCW 49.48.030 that allows a party who successfully obtains interest on money to which he or she is entitled to recover attorney fees is consistent with the broad, remedial purpose of the statute. Accordingly, the statute supports the fee award.

¶29 PTI notes that the issue of whether RCW 49.48.030 allows for attorney fees in postjudgment litigation has not been decided in Washington. While this is true, there are cases from other jurisdictions that support Lindsay's position. In *Velez v. Vassallo*, 203 F. Supp. 2d. 312, 315 (S.D.N.Y. 2002), the defendants challenged a Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219, claim default judgment against them almost a year after the judgment. The reviewing court held that plaintiffs were entitled to reasonable fees and costs in defending that motion, noting that "prevailing plaintiffs in FLSA cases are entitled to attorneys' fees for prosecuting or defending appeals. Plaintiffs' successful defense of a post-judgment motion is indistinguishable in principle." *Velez*, 203 F. Supp. 2d at 315 (citations omitted). Similarly, in *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999), the court held that "[a] prevailing [42 U.S.C.] § 1983 plaintiff is entitled to recover reasonable attorney's fees," and that "[t]his principle applies not only to the cost of obtaining a favorable judgment but also to the cost of successfully defending that judgment, whether against postjudgment motions, or against an appeal." (Citations omitted.) In general, if the applicable law allows the trial court to grant attorney fees, that statute is also interpreted as allowing fees to the prevailing party on appeal. 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 37.13, at 572 (1st ed. 2003). This rule should also apply to postjudgment litigation in defense of the amount of the judgment.

¶30 Further, the amount awarded was not an abuse of discretion. Lindsay's attorney submitted a bill for services rendered for Lindsay between November 2003 and April 2004. This bill included costs and fees for services related to opposing PTI's motions regarding interest and the removal of liens on PTI's properties. The total amount of the bill was $29,681. The trial court awarded Lindsay $29,643, apparently accepting virtually all of the fees and costs as reasonable. PTI asserts that the fee award is unreasonable because it is significantly more than the

amount in controversy. PTI points out that while the award was over $29,000.00, the amount in controversy was only one month's interest: $17,926.97.

¶31 PTI's assertions are unavailing. The amount of the award is not dispositive of the reasonableness of the award. Further, PTI has made no specific allegations that the hourly fee charged was unreasonable or that Lindsay's attorneys charged for hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *See Mayer v. City of Seattle*, 102 Wn. App. 66, 82, 10 P.3d 408 (2000). Washington courts have refused to find abuse of discretion in a fee award when the only argument is that the fees grossly exceeded the value of the case. *See, e.g., Lay v. Hass*, 112 Wn. App. 818, 826, 51 P.3d 130 (2002) (refusing to overturn an award when the defendant's sole argument was that the fee awarded was 31 times the total value of the case). The trial court did not abuse its discretion in the award of fees.

IV. Lindsay's Costs and Attorney Fees on Appeal

¶32 Lindsay requests his attorney fees under RAP 18.1 and RCW 49.48.030 for both his underlying action and in defending his result against PTI's cross-appeal. As previously noted, RCW 49.48.030 provides that employees who successfully recover judgment for wages or salary owed shall receive reasonable attorney fees. Lindsay has prevailed on his appeal, and he has successfully defended against PTI's cross-appeal. Accordingly, we award him his attorney fees and costs on appeal.

¶33 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

ELLINGTON, A.C.J., and BAKER, J., concur.

Review denied at 157 Wn.2d 1011 (2006).