IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JAMES W. and JUDY D. AASEBY, husband and wife, | ) ) ) | No. 32471-1-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| WILLIAM VUE, a single person; and VILAY and AGNES VUE, husband and wife, | ) ) ) ) | |
| Defendants, | ) ) | |
| J. SCOTT MILLER, | ) ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — In August 2013, this court in *Aaseby I* reversed a trial

court's order of sanctions against J. Scott Miller. *Aaseby v. Vue*, noted at 176 Wn. App.

1013, 2013 WL 4773896, *review denied*, 179 Wn.2d 1012 (2014) (*Aaseby* I). On remand,

the trial court vacated the judgment and ordered return of the funds that Mr. Miller paid to

satisfy the judgment, together with statutory interest. The Aasebys appeal, contending

that the trial court had no authority to return the judgment funds to Mr. Miller. They

argue that once Mr. Miller satisfied the judgment in full under RCW 4.56.100, the judgment was discharged and Mr. Miller was precluded from recovery. Additionally, they argue that RCW 4.56.100 overrides a trial court's authority under RAP 12.8 to restore payment on a judgment that was subsequently reversed. The Aasebys maintain that they are entitled to the judgment funds. We disagree and affirm.

## FACTS

A brief recitation of the facts from *Aaseby* I is provided for context. In 2000, William Vue and James Aaseby were involved in a car accident. *Aaseby* I, 2013 WL 4773896 at *1. The Aasebys initiated a personal injury action against Mr. Vue. *Id.* Attorney Miller was retained by Allstate Insurance Company to represent Mr. Vue. *Id.* After the case was settled for the policy limits in 2004, the Aasebys identified a Farmers Insurance policy that was not provided during discovery and found factual discrepancies in Mr. Vue's interrogatory answers. *Id.* The Aasebys moved for sanctions against Mr. Miller under CR 11(a) and CR 26(g). *Id.* Extensive and protracted litigation ensued. *Id.* In 2011, the Spokane County Superior Court sanctioned Mr. Miller in the amount of $22,300 for failing to exercise diligence in answering the complaint and discovery request. *Id.*

2

Mr. Miller appealed, and this court reversed the sanctions. *Id.* This court held that Mr. Miller conducted a reasonable inquiry under the circumstances before certifying the discovery request, considering Mr. Miller was not told about the policy even though Mr. Vue, Allstate, and the Aasebys all had knowledge of the policy at the time of the discovery request. *Id.* at *7. Additionally, this court held that sanctions were not warranted for Mr. Miller's failure to correct a caption error because it made no difference to the litigation. *Id.* at *8.

Also, this court denied the Aasebys' cross motion for additional sanctions against Mr. Miller. *Id.* at *9. The Aasebys argued that Mr. Miller misrepresented the law when he objected to the Aasebys' demand that he post a supersedeas bond. *Id.* The trial court deferred judgment on this issue to be resolved on appeal. *Id.* This court held that Mr. Miller provided a valid argument that casted doubt on whether the Aasebys could compel him to file a supersedeas bond. *Id.*

Last, this court denied awarding attorney fees to either party on appeal. *Id.* at *10. While this court found the Aasebys' incessant request for sanctions to be troublesome, we found the initial request for sanctions at trial was not frivolous and formed a reasonable basis for appeal. *Id.*

3

In summarizing our holding in *Aaseby* I, this court stated, "We reverse the trial court's imposition of sanctions against Mr. Miller. We deny both parties' request for attorney fees on appeal. Finally, we remand to the trial court for denial of the Aasebys' . . . cross motion for sanctions." *Id.*

The trial court's actions on remand are the subject of the Aasebys' current appeal. The trial court first addressed this court's instruction that sanctions were not warranted on the Aasebys' cross motion. The trial court determined, "I am satisfied that that determination would render any other decision by your trial court useless and, therefore, I am denying the motion for sanctions on the failure to file supersedeas." Report of Proceedings (RP) at 3. The trial court then noted that it had made all of the necessary rulings to move forward and could move forward in closing the matter.

Mr. Miller requested return of the funds he paid to the clerk of court to satisfy the sanctions judgment, citing RAP 12.8. The judgment payment was still in the clerk of court's account. The Aasebys' attorney, Mike Delay, contended that Mr. Miller was not entitled to return of the judgment funds and that the trial court should order the clerk to pay the funds to the Aasebys. He argued that Mr. Miller discharged the judgment and failed to preserve the right to appeal by voluntarily paying the judgment in full. Mr. Delay also contended that because the appellate court's decision in *Aaseby* I did not

4

expressly vacate the discharge of the money judgment, Mr. Miller was not entitled to restitution of the judgment. Mr. Delay maintained that if Mr. Miller wanted return of the funds, he should have superseded the judgment, partially satisfied the judgment, or conditioned the payment on the outcome of the appeal.

Applying RAP 12.8, the trial court held that voluntary satisfaction of a judgment did not waive the right to appeal the judgment. Furthermore, the court found that the appellate court's ruling made the underlying debt void and no longer enforceable, regardless of whether it was satisfied. The court determined that the appropriate process was to vacate the judgment and restore the property to Mr. Miller. Correspondingly, the court vacated the judgment and ordered the clerk to return the judgment funds to Mr. Miller. The court also ordered Mr. Delay as the judgment creditor to pay Mr. Miller statutory interest in the amount of $5,269.29. The Aasebys filed a motion for reconsideration, which the court denied.

The Aasebys appeal. They contend that the trial court erred in returning the judgment funds to Mr. Miller because Mr. Miller voluntarily satisfied the judgment and it therefore was discharged under RCW 4.56.100. The Aasebys argue that neither RAP 12.8 nor the appellate decision in *Aaseby* I gave the trial court the authority to return

5

the funds. They also argue that Mr. Miller lost his right to appeal and recover the judgment when he chose not to file a supersedeas bond under RAP 8.1.

## ANALYSIS

*Whether the trial court erred in vacating the judgment and ordering the judgment funds returned to Mr. Miller*

We review a trial court's determination of restitution under RAP 12.8 for an abuse of discretion. *Ehsani v. McCullough Family P'ship*, 160 Wn.2d 586, 589, 159 P.3d 407 (2007). Questions of statutory construction are reviewed de novo. *State v. Fisher*, 139 Wn. App. 578, 583, 161 P.3d 1054 (2007). When unambiguous, "[t]he plain meaning of the words of the statute determines its construction." *Id.* at 582-83.

Aaseby I *Decision.* The Aasebys contend that the appellate court decision in *Aaseby* I did not direct the trial court to order return of the funds. Citing to language from the opinion, the Aasebys contend that remand was "solely" for the trial court to deny the cross motion for judgment. *Aaseby* I, 2013 WL 4773896 at *1.

The Aasebys' very limited reading of this court's opinion in *Aaseby* I is incorrect. The Aasebys selectively pick a portion of this court's disposition and ignore the rest. This court decided in *Aaseby* I, "We reverse the sanctions imposed on Mr. Miller, affirm the trial court's dismissal of Mr. Miller's law firm, deny attorney fees on appeal, and remand solely for the trial court to deny the Aasebys' cross motion for sanctions." *Id.*

This decision is reiterated again at the end of the 24-page opinion with the order, "We reverse the trial court's imposition of sanctions against Mr. Miller. We deny both parties' request for attorney fees on appeal. Finally, we remand to the trial court for denial of the Aasebys' April 2012 cross motion for sanctions." *Id.* at *10. The Aasebys' contention that the trial court was not ordered to reverse the sanctions imposed on Mr. Miller based on *Aaseby* I is unreasonable.[1]

*Effect of Satisfying a Judgment under RCW 4.56.100(1).* The Aasebys contend that Mr. Miller's choice to satisfy the judgment in full under RCW 4.56.100(1)[2] precludes return of the judgment funds. The Aasebys contend that once Mr. Miller paid the judgment in full and noted the judgment was satisfied, he completely and forever discharged the judgment. Thus, neither the trial court nor the appellate court had the authority to return the funds to Mr. Miller.

---

[1] RAP 12.2 states that after the mandate is issued, the trial court may hear and decide postjudgment motions otherwise authorized by statute or court rule so long as those motions do not challenge issues already decided by the appellate court. By using "solely," this court wanted to be clear that the parties would not task the trial court with additional needless litigation. The effort was not successful, considering this case is again before this court on appeal.

[2] The Aasebys also cite CR 58(h), "Satisfaction of Judgment. [Reserved.

7

RCW 4.56.100(1) states in part,

> When any judgment for the payment of money only shall have been paid or satisfied, the clerk of the court in which such judgment was rendered shall note upon the record in the execution docket satisfaction thereof giving the date of such satisfaction upon either the payment to such clerk of the amount of such judgment, costs and interest and any accrued costs by reason of the issuance of any execution, or the filing with such clerk of a satisfaction entitled in such action and identifying the same executed by the judgment creditor or his or her attorney of record in such action or his or her assignee acknowledged as deeds are acknowledged. . . . Every satisfaction of judgment and every partial satisfaction of judgment which provides for the payment of money shall clearly designate the judgment creditor and his or her attorney if any, the judgment debtor, the amount or type of satisfaction, whether the satisfaction is full or partial, the cause number, and the date of entry of the judgment. A certificate by such clerk of the entry of such satisfaction by him or her may be filed in the office of the clerk of any county in which an abstract of such judgment has been filed. When so satisfied by the clerk or the filing of such certificate the lien of such judgment shall be discharged.

The Aasebys' contention is without merit. The right to appeal is not denied to "a party who complies with an outstanding judgment by *paying* benefits; that party may still pursue an appeal and, if successful, obtain restitution." *LaRue v. Harris*, 128 Wn. App. 460, 464, 115 P.3d 1077 (2005) (emphasis in original). Furthermore, nothing in the language of RCW 4.56.100(1) supports the Aasebys' contention that a debtor who fully satisfies a judgment loses the right to return of the judgment if reversed. It does not require a judgment debtor to include a notation on the judgment if he or she intends to

See RCW 4.56.100.]."

seek return of the judgment. Nor does it remove the authority from the trial court to order

the return of a satisfied and discharged judgment.

Satisfaction and discharge is a necessary part of RCW 4.56.100(1). Satisfaction

and discharge stops enforcement of the action. *See* RAP 7.2(c). Postjudgment interest

accrues unless and until the judgment debtor unambiguously and unconditionally directs

the court to apply the funds in the court registry to the satisfaction of the judgment.

*Lindsay v. Pac. Topsoils, Inc.*, 129 Wn. App. 672, 678-79, 120 P.3d 102 (2005). Once

the clerk finds that the judgment is satisfied, it must be discharged. Satisfaction and

discharge should not be held against a debtor.

For authority, the Aasebys cite to *In re Estate of Bailey*, 56 Wn.2d 623, 354 P.2d

920 (1960), and *Lindsay* to support their argument that recovery is not available to a

person who pays a judgment in full under RCW 4.56.100(1). We disagree that these

cases are helpful or supportive of the Aasebys' argument. *Bailey* holds that when a

debtor makes a payment to a clerk and does not note that the payment is for satisfaction of

judgment, the payment does not operate to satisfy the judgment and interest will accrue

on the entire amount until the payment is ordered to be turned over to the judgment

creditor. *Id.* at 628. Similarly, in *Lindsay*, the court held that when a judgment debtor

places a condition on a payment that acceptance is in exchange for entry of a full

9

satisfaction of the judgment in the amount paid, and the creditor decides not to accept the payment because he contests the judgment amount and does not accept the terms, the payment does not satisfy the judgment. Interest is calculated on the entire amount of the judgment from the date of the verdict until the time of disbursement. *Id.* at 678-79.

The Aasebys contend that the opposite in *Bailey* and *Lindsay* occurred in Mr. Miller's case—he included a satisfaction note with the judgment and paid without condition. Therefore, the Aasebys maintain that unlike *Bailey* and *Lindsay*, Mr. Miller satisfied the judgment, and he is not entitled to a return of the judgment. This is a strained interpretation of case law and these cases do not support the asserted proposition. The cases address whether a judgment is satisfied for the purpose of calculating interest. They do not address whether a satisfied judgment under RCW 4.56.100 may be returned to the debtor when the basis for the judgment is reversed on appeal. As previously stated, a debtor who satisfies a judgment does not lose the right to seek return of the judgment.

The Aasebys imply that Mr. Miller's appeal is moot because he chose to satisfy and discharge the judgment under RCW 4.56.100. Again, we find no language in the statute to support a loss of appeal when the debtor satisfies a judgment. Mr. Miller did not lose his right to appeal by satisfying the judgment under RCW 4.56.100.

*Trial Court Authority under RAP 12.8.* The Aasebys contend that RAP 12.8 did

not give the trial court the authority to order return of the judgment funds to Mr. Miller

because RAP 12.8 does not supersede RCW 4.56.100. Thus, the Aasebys argue that once

a judgment is discharged under RCW 4.56.100, a trial court cannot rely on RAP 12.8 to

reverse the discharge of the judgment. We disagree.

RAP 12.8 governs the effect of reversals on intervening rights. Under the rule, the

trial court determines the appropriate restoration or restitution where property is

transferred or taken in compliance with a judgment that is subsequently reversed.

RAP 12.8 states:

> If a party has voluntarily or involuntarily partially or wholly satisfied
> a trial court decision which is modified by the appellate court, the trial court
> shall enter orders and authorize the issuance of process appropriate to
> restore to the party any property taken from that party, the value of the
> property, or in appropriate circumstances, provide restitution. An interest in
> property acquired by a purchaser in good faith, under a decision
> subsequently reversed or modified, shall not be affected by the reversal or
> modification of that decision.

There is no conflict between RAP 12.8 and RCW 4.56.100(1). RCW 4.56.100(1)

addresses satisfaction of trial court judgments. Subsequently, if a satisfied judgment is

modified by the appellate court, RAP 12.8 governs the trial court's ability to restore the

property to the party who satisfied the judgment.

11

Furthermore, a trial court's authority under RAP 12.8 to return a satisfied judgment after reversal is a well-settled issue of law. The Washington Supreme Court in *Ehsani* recognized that the purpose of RAP 12.8 was to restore property to a party when the party wholly or partially satisfied a trial court decision that is reversed or modified by the appellate court. *Ehsani*, 160 Wn.2d at 590-91. In support of RAP 12.8, Washington courts have looked to *Restatement (First) of Restitution* § 74 (1937). *Id.* at 590-91. The *Restatement* generally entitles a person to restitution when property is taken in compliance with a judgment and that judgment is later reversed. *Id.* at 592. In accordance with RAP 12.8 and *Restatement of Restitution* § 74, the trial court had the authority to follow the mandate of the appellate court and order return of the judgment funds to Mr. Miller.

*Necessity of a Supersedeas Bond.* The Aasebys contend that Mr. Miller was required to post a supersedeas bond if he wished to seek repayment of the judgment and preserve the right to appeal. The Aasebys are incorrect.

A supersedeas bond is a means of staying enforcement of a trial court judgment while on appeal. RAP 8.1. "A trial court decision may be enforced pending appeal or review unless stayed pursuant to the provisions of this rule. Any party to a review

12

proceeding has the right to stay enforcement of a money judgment, or a decision affecting

real, personal or intellectual property, pending review." RAP 8.1(b).

In making this argument, the Aasebys ignore the prevailing case law. Failure to

supersede a judgment or decree does not affect the right of the appealing party to obtain

review of the proceedings that led to such judgment or decree. *Ryan v. Plath*, 18 Wn.2d

839, 856, 140 P.2d 968 (1943). Mr. Miller's decision not to file a supersedeas bond did

not waive his right to appeal. Nor was his remedy limited because he did not avail

himself of the benefits of a supersedeas bond. "When the unsuperseded judgment is

reversed, after execution thereon, the judgment debtors' recourse is provided by

RAP 12.8." *State v. A.N.W. Seed Corp.*, 116 Wn.2d 39, 44, 802 P.2d 1353 (1991).

The Aasebys rely on *Ehsani* to establish that RAP 12.8 does not provide a remedy

for Mr. Miller because he chose not to protect his interests by filing a supersedeas bond

under RAP 8.1. This reliance is misplaced. *Ehsani* supports the trial court's actions

under RAP 12.8. In *Ehsani*, the Washington Supreme Court held that RAP 12.8 did not

provide a remedy for a judgment debtor who sought to recover judgment funds from an

attorney when the attorney received the funds on behalf of his clients and distributed the

funds per his clients' request. *Id.* at 594. The court explained that the attorney's clients

were the judgment creditors in the case, not the attorney. *Id.* Thus, it was the clients, not

the attorney, who was the party liable for restitution under RAP 12.8. *Id.* The court added that allowing an attorney to be liable for the client's judgment would render the supersedeas bond mechanism superfluous because many debtors could decide to recover from the attorney rather than using the protections available in the bond. *Id.* at 601.

Thus, contrary to the Aasebys' argument, *Ehsani* entitles a judgment debtor to return of the funds paid to satisfy the judgment and makes the judgment creditor the liable party, regardless if a supersedeas bond was filed. Here, *Ehsani* supports the trial court's decision to return the judgment funds to Mr. Miller. Both the Aasebys and Mr. Delay are judgment creditors. It makes no difference that they chose not to withdraw the judgment funds from the clerk of court's account; the funds were available to the Aasebys after satisfaction. *Ehsani* does not limit Mr. Miller's remedy. Mr. Miller may seek repayment under RAP 12.8.

In sum, Mr. Miller's decision to pay the judgment instead of protecting himself by filing a supersedeas bond has no bearing on the trial court's decision to return the judgment funds. "An appellant is under no obligation to supersede a judgment or a decree appealed from. It is a right and a privilege granted, in certain cases under certain conditions, to preserve the fruits of his appeal if he prevails, but it is not something he is obligated to do." *In re Estates of Sims*, 39 Wn.2d 288, 297, 235 P.2d 204 (1951). By

14

paying the judgment instead of filing a supersedeas bond, Mr. Miller risked that the Aasebys would not repay the judgment funds, or "fruits of [the] appeal." *Id.* However, he did not waive his right to appeal or the remedy available to him under RAP 12.8. The trial court properly ordered return of the judgment funds to Mr. Miller.

*Whether reasonable attorney fees should be awarded to Mr. Miller*

Mr. Miller requests reasonable attorney fees for having to respond to the Aasebys' frivolous appeal, citing RAP 18.1, RCW 4.84.185 and RAP 18.9. He contends that the Aasebys' appeal has no legal basis to support their claim that a trial court lacks the jurisdiction to comply with an appellate court opinion. Mr. Miller maintains that the appeal is premised solely on incomprehensible and unsupported legal arguments.

RAP 18.1 directs a party on appeal to make a request for attorney fees or expenses as provided in the rule if applicable law grants the party the right to recover such items. RCW 4.84.185 provides a statutory basis to award reasonable attorney fees against a party asserting a frivolous claim advanced without reasonable cause. In addition, RAP 18.9(a) allows this court to impose sanctions against a party or counsel who asserts frivolous arguments on appeal. Such sanctions may be in the form of terms or compensatory damages to the harmed party.

In the context of RAP 18.9(a), an appeal is frivolous when it presents no debatable issue on which reasonable minds might differ, and is so devoid of merit that there is no possibility of reversal. *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). Doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. *Id.* (citing *Tiffany Family Trust Corp. v. City of Kent*, 155 Wn.2d 225, 241, 119 P.3d 325 (2005)). Raising at least one debatable issue precludes a finding of frivolity. *Advocates*, 170 Wn.2d at 580-81.

The Aasebys' appeal is frivolous in its entirety. No debatable issue is raised and the appeal is devoid of merit. Well-settled case law and court rules grant the trial court the ability to restore judgment funds to a debtor when reversed on appeal. The authorities that the Aasebys cite to support their arguments are irrelevant and/or misinterpreted. Additionally, portions of the Aasebys' briefs filed in this appeal are essentially a veiled attempt to relitigate the issues from *Aaseby* I. As such, pursuant to RAP 18.9(a), and conditioned on his further compliance with RAP 18.1, we grant Mr. Miller reasonable attorney fees as sanctions. The mandate shall direct that liability for the amount imposed is joint and several against the Aasebys and Mr. Delay.

No. 32471-1-III
*Aaseby v. Vue*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____     _____
Siddoway, C.J.                                      Fearing, J.

17